## BOYCE v. DUMARS.

(Supreme Court, Appellate Division, Third Department. June 27, 1906.)

COURTS—CITY COURTS—JUDGMENT—DEFAULT—VERIFICATION OF COMPLAINT.

Under Laws 1898, p. 126, c. 66, amending section 115 of the city charter of Elmira, so as to provide that in the City Court judgment may be taken as upon defendant's admission on his failure to answer a complaint, verified as required in courts of record, Code Civ. Proc. § 525, providing that the verification must be made by the affidavit of a party, except where the party is not within the county where the attorney resides, and section 526, providing that where the verification is made by a person other than the party the affidavit must show why it is not made by the party, a verification of a complaint by the attorney for plaintiff in an action in the City Court of Elmira, stating as the reason that the party does not verify it that the attorney and party reside in different counties, is insufficient to authorize a default judgment on defendant's failure to answer.

Appeal from Chemung County Court.

Action by Clifford Boyce against Helen A. Dumars. From a judgment of the County Court reversing a judgment of the City Court of Elmira in favor of plaintiff, he appeals. Affirmed.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Samuel D. Aulls, for appellant.
Roswell R. Moss, for respondent.

SMITH, J.   This action was brought in the City Court of Elmira. Defendant made default, and judgment was entered upon the complaint as a verified complaint, without proof of the cause of action. The defendant appealed.   The objection raised is that the complaint was not properly verified, so as to authorize judgment without proof of the cause of action.   The complaint is verified by the plaintiff's attorney, and is as follows:

"Samuel D. Aulls, being duly sworn, deposes and says that he is the plaintiff's attorney in this action; that he has read the foregoing complaint, and knows the contents thereof to be true except as to the matters therein stated upon information and belief, and as to those matters he believes it to be true; that deponent verifies the foregoing complaint, because he resides and has his office in Elmira, Chemung county, New York, whereas plaintiff resides at Wayne, Steuben county, New York; that deponent's information is derived from a statement of account now in deponent's possession, and conversation and communication had with plaintiff."

By chapter 66, p. 126, of the Laws of 1898, section 115 of the city charter was amended so as to provide that in the City Court judgment might be taken as upon defendant's admission upon his failure to answer a complaint verified as required in courts of record.   By section 525 of the Code of Civil Procedure it is provided that the verification must be made by the affidavit of a party except "* * * where the party is not within the county where the attorney resides."

By section 526 it is provided that where the affidavit of verification is made by a person other than the party, the affidavit must show why it is not made by the party himself.   It will be seen that there is nothing in this affidavit of verification which shows that the plaintiff was not within the county when the affidavit was made.   Proof that he resides within another county is not sufficient.   The appellant here urges us to disregard this omission as immaterial, but we do not so consider it. Under the old system in inferior courts, judgment could only be obtained by common-law proof of the cause of action.   If a plaintiff would avail himself of the substitute now offered by the statute, and procure his judgment without making common-law proof of his cause of action, he should comply strictly with the terms of the statute, which suffers him to take his judgment without making his proof.   This he has failed to do, and the justice was without jurisdiction to enter judgment without a complaint properly verified, or without common-law proof of the cause of action therein stated.   Judgment of the County Court should therefore be affirmed, with costs.   All concur.