GEO. H. STORM & CO., Plaintiff, *v.* G. MIGLIORE & SONS, INC., Defendant.

City Court of New York, Special Term, September 21, 1927.

Pleadings — verification — action by domestic corporation for goods sold and delivered — complaint not properly verified by attorney under Rules of Civil Practice, rules 99 and 100 — unverified answer improperly returned — judgment by default vacated.

The plaintiff, a domestic corporation, whose office is not in the same county as its attorney's, brings this action to recover for goods sold and delivered. The plaintiff's attorney could not verify the complaint, under rules 99 and 100 of the Rules of Civil Practice, on the ground that the plaintiff did not reside in the same county with the attorney, or on the ground that the action was founded on a written instrument for the payment of money only, for rule 99 provides for verification by an attorney where the party is not, when the affidavit is made, within the county where the attorney has his office, and furthermore, where a verification is so made, the attorney must state the reason why it was not made by the party.

An action to recover for goods sold and delivered is not an action founded upon a written instrument for the payment of money only, and the attorney did not have a right to verify the complaint on that ground.

In view of the fact that the complaint was not properly verified, the defendant was justified in serving an unverified answer, and it was error for the plaintiff to enter a default judgment after returning the unverified answer. Therefore, the default judgment is vacated.

MOTION by defendant for an order vacating and setting aside judgment for plaintiff.

*Leo E. Sherman,* for the plaintiff.

*Reuben Cohen,* for the defendant.

DONNELLY, J. Motion by defendant for an order vacating and setting aside the judgment entered herein on September 8, 1927, upon the ground that said judgment was improperly entered. To the complaint herein, which is for goods sold and delivered, and by the plaintiff, a domestic corporation whose office concededly is not in the same county as its attorney's, the defendant interposed an unverified answer which was returned by plaintiff upon the ground that as the complaint was verified it required a verified answer. Judgment was thereafter entered against the defendant for the amount of plaintiff's claim, as though upon defendant's

default. Plaintiff contends that the verification of the complaint, which is by its attorney, fully complies with rule 99, subdivision 3, of the Rules of Civil Practice, because the plaintiff is a corporation not residing in the county where deponent has his office, and on the further ground that this is an action founded on a written instrument for the payment of money only, which is in deponent's possession.

Rule 99, subdivision 3, of the Rules of Civil Practice does not permit a verification of a pleading to be made by the attorney of a party who does not reside in the same county as the attorney. It allows it to be made by the attorney only in the case where the party is not, when the affidavit of verification is made, within the county where the attorney has his office, or if the action or defense be founded upon a written instrument for the payment of money only which is in the possession of the agent or the attorney. This action is not founded upon such an instrument, but is for goods sold and delivered. Therefore, something more is required than the fact that plaintiff is a corporation not residing in the county where the plaintiff's attorney has his office. In *Boyce* v. *Dumars* (114 App. Div. 284) it was held that a verification made by the plaintiff's attorney is not sufficient for the entry of judgment on default when it does not show that plaintiff was not within the county when the verification was made; a mere allegation that the plaintiff resides in another county is not sufficient. That decision was upon the provisions of sections 525 and 526 of the Code of Civil Procedure, from which rules 99 and 100 of the Rules of Civil Practice are derived. By rule 100 the form of the affidavit of verification is prescribed as follows: " The affidavit of verification must be to the effect that the pleading is true to the knowledge of the deponent, except as to the matters therein stated to be alleged on information and belief, and that as to those matters he believes it to be true. If it be made by a person other than the party, he must set forth in the affidavit the grounds of his belief as to all matters not stated upon his knowledge and the reason why it is not made by the party."

In the instant case the affidavit of verification of the complaint, which is made by the attorney, wholly fails to state the grounds of his belief as to any of the matters embraced in the complaint, all of which are alleged to be upon information and belief.

The motion to set aside the judgment is, therefore, granted; the judgment entered herein on the 8th day of September, 1927, for the sum of $1,685.48 is hereby vacated, the defendant to have five days after service of a copy of the order entered hereon within which to serve its answer. Order filed.