John D. Bennett, S.
This is a motion for a further verified bill of particulars.
The objection to the form of verification made by the attorney for the objectant is well taken. With respect to the manner of verification of a bill of particulars, rule 117 of the Rules of Civil Practice makes applicable the provisions of rules 99 and 100 of the Rules of Civil Practice which allow verification by an attorney where the party is not within the county of the attorney’s office. The provisions of these rules have been interpreted to require a statement within the verification that the party is actually outside the county in which his attorney has his office, a statement that the party resides outside said county being insufficient (Boyce v. Dumars, 114 App. Div. 284; Storm & Co. v. Migliore & Sons, 130 Misc. 654; Lipsky v. Commerce-Pacific, 134 N. Y. S. 2d 147). Accordingly the verification furnished by the objectant is defective. The court will allow it to be amended within five days from the settlement of an order hereon, or said bill of particulars will be treated as a nullity.
The proponent requests a further bill of particulars herein with respect to items 2 and 3 of his demand served on the objectant.
The proponent is entitled in item 2 to such further bill of particulars concerning the time during which decedent suffered from the alleged mental illness, its medical description, whether decedent was suffering from said illness at the time of the execution of the propounded instrument, and whether she had been treated for such illness and, if so, when she received such treatment. The objectant need not furnish the names and addresses of the doctors at this time.
In answer to item 3 (a) of the demand, the bill of particulars should furnish whatever information is available, and the use of the words “ but was not limited to ” is improper and should be stricken out. Item 3 (c) has been stated sufficiently in the bill of particulars, and no further bill is allowed with respect to that item.