(75 App. Div. 98.)

### BIGLOW v. BIGLOW et al.

(Supreme Court, Appellate Division, Third Department. July 8, 1902.)

1. LANDLORD AND TENANT—EXISTENCE OF RELATION—ADVERSE POSSESSION.

The mother of defendants entered into possession of premises as tenant at will or at sufferance of the owners, and continued therein until her death, 25 years thereafter. The defendants, her daughters, resided with her on the property, and were the devisees under her will. After her death they continued on the property, and claimed to own it under their mother's will, until, in an action of partition brought by plaintiff as grantee of one of such owners, it was determined that defendants had no title. Shortly after the mother's death plaintiff served a notice on defendants that unless they moved off the premises within six days she would hold them for the rent of her half at a specified rate, to which notice defendants paid no attention. *Held*, that the relation of landlord and tenant did not exist between plaintiff and defendants, and she could not recover rent from them.

2. ACTION FOR USE AND OCCUPATION—ALLEGATION OF CONTRACT—RECOVERY FOR TRESPASS.

Where, in an action to recover for the use and occupation of premises, plaintiff alleged that defendants went into possession and occupied as her tenants under a contract, and it was shown that they occupied adversely to her, she could not recover damages in the nature of trespass.

3. TENANTS IN COMMON—LIABILITY FOR USE AND OCCUPATION.

Where occupants of land obtained title to an undivided half, and continued their occupancy, the owner of the other half could not recover of them for the use and occupation for the period after they obtained such title.

Appeal from trial term.

Action by Martha A. Biglow against Harriet M. Biglow and another. From a judgment for plaintiff, defendants appeal. Reversed.

In 1867, the premises in question were owned by John C. and Joseph Biglow. At that time, as found by the referee in the partition suit hereinafter mentioned, Ruby Biglow, their mother, entered into the possession of such premises under said John C. and Joseph. The terms, extent, or character of such tenancy does not appear, but it would seem to have been a tenancy at will or at sufferance. These two defendants, their sisters, lived there with the said mother. Such was the situation when, on March 15, 1892, Joseph Biglow's undivided one-half of such premises was conveyed to this plaintiff, who is his wife. In May, 1892, Ruby Biglow died, and the plaintiff on the 20th of such month served upon these defendants, who still continued to reside upon the premises, a written notice substantially to the effect that unless they moved off of the premises within six days she would hold them for the rent of her undivided one-half at the rate of $4 per month and the payment of taxes. To this notice the defendants made no reply.

¶ 1. See Landlord and Tenant, vol. 32, Cent. Dig. §§ 17, 40.

They continued to occupy the premises, paid no rent, and gave the notice so served upon them no attention. In September, 1897, this plaintiff commenced an action against her co-tenant, John C. Biglow, and these defendants, for the partition and sale of such premises, and she averred in her complaint that they were in possession, holding adversely to her. These defendants answered, claiming to be the owners in fee of the whole of said premises and to have acquired the title thereto by adverse user. The issues in such action were referred, and the referee found substantially as above stated. Such finding defeated the defendants' claim to title by adverse user, and judgment was therefore ordered in such action partitioning the property, between John C. and this plaintiff, in equal shares, adjudging that these defendants never had any interest therein, and decreeing a sale of the same. 56 N. Y. Supp. 794. Such sale was had, and on May 4, 1901, they were sold and conveyed by the referee to these defendants. It further appears that, on February 3, 1899, John C. Biglow conveyed his one-half to the defendants, and distribution of the proceeds of sale was made accordingly. In June, 1901, this action was brought by the plaintiff, against these defendants, to recover from them for the use and occupation of her undivided one-half of such premises. The trial court held that the plaintiff was entitled to recover for the same, and left to the jury the single question as to the value of such use and occupation, and instructed them that the time for which she was entitled to recover was five years and ten months. The jury fixed such value at $105, and rendered a verdict for that amount. From the judgment entered thereon, this appeal is taken.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and FURSMAN, JJ.

W. H. Dunn, for appellants.
John H. Booth, for respondent.

PARKER, P. J. In order to maintain this action for use and occupation, the plaintiff must make it appear that the contractual relation of landlord and tenant existed between herself and these defendants. Preston v. Hawley, 101 N. Y. 586, 5 N. E. 770; Id., 139 N. Y. 296, 34 N. E. 906. That proposition she does not deny, but she claims that the finding of the referee in the action for partition, against these defendants, conclusively establishes that such relation did exist, and also that their continuing to remain upon the premises after the notice of May, 1892, was served upon them, authorizes the implication that thereafter they intended to assume that relation towards her. Neither of these claims can, in my opinion, be sustained.

First, as to the referee's report. If it be conceded that the facts, as therein found, are evidence against these defendants, nevertheless such facts do not show that the relation claimed by the plaintiff ever existed as between these defendants and John C. and Joseph Biglow. The twelfth finding of fact is to the effect that Ruby, the mother, entered into possession of the premises in 1867 as their tenant, recognizing their title, and did not enter under any title or claim of ownership in herself. The thirteenth finds that the same is true of these defendants. But the twenty-second finds as follows: "That the defendants Harriet Biglow and Louisa Wooster made no claim of any interest in the property during the lifetime of Ruby Biglow, but simply resided with their mother upon the property." And the twenty-third finds: "That whatever interest the defendants Harriet Biglow and Louisa Wooster claim in the property, they claim under the will of their mother, Ruby Biglow." Reading all of these findings together, it is apparent that

while the mother entered under an arrangement with John C. and Joseph, as owners, the daughters—these defendants—were not cotenants with her. They neither took nor claimed any interest during her life. They had no possession of the property, no relation whatever with the owners. They "simply resided with their mother upon the property." After their mother's death in May, 1892, the daughters, for the first time, took possession. But that possession, instead of being as tenants of John C. and Joseph Biglow, was taken as devisees of their mother. They then claimed that their mother, and not John C. and Joseph, was the owner, and from that time they held adversely to them and their title. Such was the situation as shown by the referee's report, and also from the plaintiff's averment in her complaint in that action that these defendants held and claimed adversely to her; and it is further manifested by the fourth provision of the judgment, that they never had any interest in the premises.

In construing the referee's report, it must be remembered that the only issue upon which he was to pass, with reference to these defendants, was whether they and their mother had for more than 20 years held adversely against John C. and Joseph Biglow. Their holding commencing in 1892 was not sufficient in length of time; that of their mother prior to that date was as a tenant of John C. and Joseph, and hence not adverse. And so their claim to own the premises failed. But it was, nevertheless, a definite and adverse claim, and squarely in opposition to the theory that they ever held the premises as tenants of John C. and Joseph Biglow. Therefore the plaintiff's claim that, as grantee of Joseph Biglow, the relation of landlord to these defendants was transferred to her, is not sustained. No such relation, nor any whatever, ever existed between Joseph and these defendants.

Nor does the fact that the defendants made no response to the notice served by the plaintiff upon them on May 20, 1892, indicate that thereafter they intended to remain there as her tenant. When leave to enter upon property and enjoy the use of it has been given, an agreement to pay for such use may be implied. Preston v. Hawley, 139 N. Y. 296, 300, 34 N. E. 906. But it seems clear that no such implication should arise when the party against whom the claim is made obtained no such leave, but holds under a title hostile to the party so claiming, and himself claims to be the owner. These defendants had never asked for nor acquired any possession from the plaintiff or her grantor. They took possession as trespassers, and from that moment disputed the title under which she claims. It required an adjudication by the courts to settle these several claims, and such a situation clearly repels the inference that these defendants occupied the premises from May 20, 1892, to the date of such judgment, under an agreement to pay her for the use and occupation of the same.

It is further suggested by the plaintiff that she may recover from the defendants the reasonable use of such premises on the ground that they, as trespassers, unlawfully withheld such premises from her. Concede that, in an action of ejectment, she might have recovered her undivided interest in the lands and also, as mesne profits, her one-half of the value of their use; and further concede that, if she omits to

include such claim in the action by which her title is established, she may thereafter recover her damages in an action in the nature of trespass (Holmes v. Davis, 19 N. Y. 488); still this action is not one either in ejectment or in trespass. It is distinctly one upon contract, to recover for the use and occupation of the lands. It proceeds upon the allegation in the complaint that the defendants went into possession of the premises as the tenants of her grantor, and after the title passed to her that they elected to remain as her tenants at a fixed rent of $4 per month. There is no suggestion of any right to recover, other than upon the implied agreement by which the relation of landlord and tenant was created. As shown above, her proof fell far short of establishing such a claim. And it is well settled that "a party coming into court asserting one cause of action cannot recover on another and different one." National Commercial Bank v. Lackawanna Transp. Co., 59 App. Div. 270, 274, 69 N. Y. Supp. 396. But, moreover, it appears that on February 3, 1899, the undivided one-half which John C. owned in such premises was conveyed to these defendants. They thereupon became tenants in common with the plaintiff, and an action for use and occupation will not lie by one tenant in common against the others. After that date, the possession and holding of the defendants was in their own right as such co-tenants. But this judgment awards to the plaintiff a sum of the use and occupation during the two years and upwards between February 3, 1899, and May 4, 1901, and in that respect was evidently erroneous.

These considerations require a reversal of the judgment.

Judgment reversed on the law and facts, and new trial granted, with costs to appellants to abide event. All concur.