Louis Ettlinger, Appellant, v. The Degnon-McLean Con-
tracting Co., Respondent.

(Supreme Court, Appellate Term, December, 1903.)

Action for use and occupation — Innocent occupation by a contractor of
private property supposed by him to be in a public street.

An action for use and occupation depends upon the existence, or the implication, of a contract whereby the relation of landlord and tenant may be created.

Where a corporation, contractor for a rapid transit subway, occupies for its plant a triangular plot of ground, at a street intersection, unfenced and indistinguishable from the street, without knowledge that it is private property, there is nothing in the situation of the parties which could suggest the relation of landlord and tenant and therefore the owner of the fee cannot maintain against the contractor an action for use and occupation during the time its plant remained on the plot.

Appeal. by plaintiff from a judgment of the Municipal Court, seventh district, borough of Manhattan, in favor of the defendant.

Action for use and occupation.

Abraham Benedict, for appellant.

James F. Donnelly, for respondent.

Bischoff, J.  An unimproved triangular plot, at the intersection of Mott and Bleecker streets, measuring twenty feet at its base and about one hundred feet upon each side, unfenced and not bearing any features to distinguish it from the public street, and used by the defendant, to some

extent, in the course of the construction of the rapid transit subway, certain materials and a portable tool-shed being placed upon the plot.

The plaintiff's claim for use and occupation during the period from July to December, 1900, was based simply upon his ownership of this land and the defendant's possession, and, except for certain correspondence between the parties at about the middle of November, there is no suggestion of facts from which any agreement to pay could be implied. An action for use and occupation depends upon the existence, or the implication, of a contract whereby the relation of landlord and tenant may be created (Biglow v. Biglow, 75 App. Div. 98, 100; Lamb v. Lamb, 146 N. Y. 317), but the circumstances of the defendant's possession negative an understanding upon its part that it was using private property, and until the plaintiff's assertion of ownership was actually made, in November, there was nothing in the situation of the parties which could suggest the relation of landlord and tenant, by resort to any inference or implication.

Had the defendant continued its acts of possession, after the plaintiff's demand for rent had been brought home to it, there would doubtless be ground for the imposition of a liability, upon an implied contract, for the value of the use and occupation from that time, but the uncontradicted testimony was that the use was then discontinued, and the property of the defendant substantially removed.

Photographs showing the presence of a structure and materials on this land, some five months later, could not serve to discredit the witness in his assertion that the use for the last two weeks of November had been discontinued, and the justice was certainly authorized to accept this testimony of a termination of the use, as affecting the period of occupation to which the claim in suit was limited.

The conclusion that the plaintiff could not recover in this form of action necessarily followed, and the judgment is not assailable.

FREEDMAN, P. J., and BLANCHARD, J., concur.

Judgment affirmed, with costs.