ETTLINGER v. DEGNON–McLEAN CONTRACTING CO.

(Supreme Court, Appellate Term. December 17, 1903.)

1. USE AND OCCUPATION—CONTRACT.

One owning a piece of land unfenced, and having no features distinguishing it from the public street, could not recover for the use and occupation thereof by a contractor using it for depositing materials, etc., thereon, in the absence of any circumstances tending to show that defendant understood that he was occupying private property.

2. SAME—EVIDENCE—PHOTOGRAPH.

In an action for use and occupation of land by keeping thereon certain materials and a portable tool shed, photographs showing the presence of a structure and some materials on the land five months after defendant stated that he had discontinued the occupation could not serve to discredit his testimony.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Louis Ettlinger against the Degnon-McLean Contracting Company. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Abraham Benedict, for appellant.

James F. Donnelly, for respondent.

BISCHOFF, J. An unimproved triangular plot at the intersection of Elm, Mott, and Bleecker streets, measuring 20 feet at its base, and about 100 feet upon each side, unfenced, and not bearing any features to distinguish it from the public street, was used by the defendant, to some extent, in the course of the construction of the rapid transit subway; certain materials and a portable tool shed being placed upon the plot. The plaintiff's claim for use and occupation during the period from July to December, 1900, was based simply upon his ownership of this land and the defendant's possession; and, except for certain correspondence between the parties at about the middle of November, there is no suggestion of facts from which any agreement to pay could be implied. An action for use and occupation depends upon the existence or the implication of a contract whereby the relation of landlord and tenant may be created. Bigelow v. Bigelow, 75 App. Div. 98, 100, 77 N. Y. Supp. 716; Lamb v. Lamb, 146 N. Y. 317, 41 N. E. 26. But the circumstances of the defendant's possession negative an understanding upon its part that it was using private property, and until the plaintiff's assertion of ownership was actually made, in November, there was nothing in the situation of the parties which could suggest the relation of landlord and tenant by resort to any inference or implication. Had the defendant continued its acts of possession after the plaintiff's demand for rent had been brought home to it, there would doubtless be ground for the imposition of a liability, upon an implied contract, for the value of the use and occupation from that time; but the uncontradicted testimony was that the use was then discontinued, and

the property of the defendant substantially removed. Photographs showing the presence of a structure and materials of this land some five months later could not serve to discredit the witness in his assertion that the use for the last two weeks of November had been discontinued, and the justice was certainly authorized to accept this testimony of a termination of the use, as affecting the period of occupation to which the claim in suit was limited. The conclusion that the plaintiff could not recover in this form of action necessarily followed, and the judgment is not assailable.

Judgment affirmed, with costs. All concur.