### BENEDICT v. JENNINGS.

(Supreme Court, Appellate Term. April 24, 1905.)

1. LANDLORD AND TENANT—EXISTENCE OF RELATIONSHIP—ACTIONS—USE AND OCCUPATION.

An assignee of a lease assigned to defendant all its "interest and title to all moneys on contract" with a certain party. Defendant went on the leased premises to complete the work. Plaintiff, the lessor, served the lessees and assignee with notice to pay back rent and royalty, or to suffer dispossess proceedings. No notice was given to defendant, nor was he a party to the surrender of the lease subsequently executed, nor did he have any notice thereof until the day of trial. In the meantime he remained in possession under his assigned contract for about two months after the surrender, when he was locked out without notice. During this time he had had certain interviews with plaintiff concerning the lease, in which he disclaimed all liability, and in which his rights were not recognized by plaintiff, nor was any arrangement for a lease made. *Held*, that the relation of landlord and tenant did not exist between plaintiff and defendant, nor was there any express or implied agreement between them such as to support an action for use and occupation.

2. ACCOUNT STATED—RETENTION OF BILL.

Where the occupant of premises denied all liability as tenant, the retention by him without answer, for a period of some months, of a bill rendered by the owner of the premises about three years after the cessation of the occupancy, did not create a liability, on the theory of an account stated, for use and occupation.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Edwin P. Benedict against Isaac S. Jennings. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

Eustace Conway (Charles T. Williams, of counsel), for appellant. Hamilton R. Squier, for respondent.

LEVENTRITT, J. There is nothing in this record to support a recovery for use and occupation. The conventional relation of landlord and tenant did not obtain between the parties, and there is no evidence of any agreement, express or implied, between them.

The plaintiff originally leased the premises to certain persons, who in turn assigned their lease in February, 1899, to a corporation, the Artificial Granite Company. On the last day of that month the granite company assigned to the defendant, not the lease, but all its "interest and title to all moneys on contract with the Manhattan Railway Company." Under this agreement the defendant, who was interested in the granite company, furnished money to complete the contract, but the actual work was performed by the men of the granite company. The defendant went on the premises to complete the work. On July 18, 1901, the plaintiff served both lessees and assignees with notice that, unless back rent and royalty in the sum of $500 be paid within three days, dispossess proceedings would be instituted. It was not deemed necessary to give any notice to defendant, nor was he a party to a surrender of the lease executed 11 days later by the lessees and assignees, nor did he have notice thereof until the day of trial. At various times prior to July 25, 1901, the plaintiff had demanded the back rent and royalty of the defendant, presumably as representing the granite company. The plaintiff's own version of these interviews is that the defendant disclaimed all liability. "He said that he was in the occupation of a contract which, if it was successful, he would probably be a favorable tenant for me; and it would be delayed until such time as it was concluded. * * *" "The object of his call was to have me permit him to continue his work at the factory, at the premises— which I would not grant. * * * He said that he desired that I should lease the property to him by the month. I objected to that, requiring a whole year's lease; nothing less than a full year." On July 25, 1901, the defendant wrote to the plaintiff:

"I heard nothing of any dispossess proceedings, but am perfectly willing to pay a proportionate rent for your property from the date of the order of dispossess, as that is only fair, and I will get out just as soon as I can get my things together unless you should wish to make a lease of the premises."

Had this offer been accepted, there might have been foundation for the action. Under date of July 30th, however, one day after the surrender of the lease, the defendant writes:

"As to your request to stay in the premises a day or a week, cannot now be considered; we are quite willing to lease the premises but as a condition precedent to said re-leasing, the rent and royalty due May 1st,, to wit: $500, must be paid. I failed to learn or in any way comprehend the status of your holding our property but this is to warn you that I will hold you responsible for anything that is taken away etc."

Ignorant of the surrender, the defendant continued the performance of his work under his assigned contract, occupying the premises to that end until September 27, 1901, when he was locked out without notice. This action to recover for the two months' use and occupation was begun more than three years later.

The judgment in plaintiff's favor cannot be sustained on the facts recited. The defendant had no relation to the lease, and assumed no obligation under it. His assignment was an assignment of a contract for merchandise to be manufactured. The plaintiff so regarded the situation, as appears by his failure to include the de-

fendant in the dispossess notice, or to treat him as a necessary party to the surrender. No relation of landlord and tenant existed between the parties. While it is quite true that, where leave to enter upon property and enjoy its use has been given, an agreement to pay for such use may be implied (Preston v. Hawley, 101 N. Y. 586, 5 N. E. 770; Id., 139 N. Y. 296, 34 N. E. 906; Biglow v. Biglow, 75 App. Div. 101, 77 N. Y. Supp. 716), the record shows a consistent refusal to give such permission. The plaintiff at first, apparently treating the defendant as in some sort of privity with the granite company under its assigned lease, insisted on a yearly term, and refused to consider a monthly tenancy. After the surrender, treating with the defendant individually, the plaintiff asserts inability to understand his holding of the property, refuses to permit him to remain a day or week, and, in the closing paragraph of the letter of July 30th, in effect notifies him that he will treat him as a trespasser. The plaintiff's subsequent action, coupled with his consistent refusal to let, shows that, if he has any action, it is in trespass, and not for use and occupation.

The attempt to import an account stated into the case by the rendition of a bill more than three years after the alleged occupancy is too strained to require more than a passing word. Under the circumstances here disclosed, where the defendant disputed all liability, the retention of a bill without any answer could not create an obligation. The bill was made the occasion of a reply several months after its receipt; the interval, however, compared with the delay in sending it, is short enough to negative acquiesence. The judgment must be reversed, and a new trial ordered.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.