OPINION OF THE COURT
Memorandum.
Final judgment unanimously reversed without costs, petitioner’s motion for summary judgment denied and summary judgment granted in favor of occupants dismissing the petition.
The issue in this squatter proceeding is whether occupants are tenants at will or at sufferance and thus entitled to a 30-day notice pursuant to Real Property Law § 228. We hold that under the circumstances of this case occupants are tenants at will and that the City’s failure to serve the required 30-day notice upon them mandates dismissal of the petition.
The City commenced this squatter proceeding (RPAPL 713 [3]) in the beginning of August 1997 after serving a 10-day notice to quit upon the occupants. Its petition alleges that the City took title to the premises, a house at 527 Linwood Street, Brooklyn, on June 25, 1987 by virtue of an in rem tax foreclosure action. (It was later clarified that the City took title as the result of a Supreme Court condemnation proceeding.) The petition further alleges that occupants intruded into the premises without the City’s permission on July 26, 1988. Occupants defended on the ground, among others, that they became tenants by virtue of the City’s continued tolerance of their occupancy for over 8 years and that as tenants they were entitled to a 30-day notice.
Upon a motion by the City for summary judgment, the City showed that the property is slated for development as part of 172 two-family homes to be built in the area and that occupants’ presence was interfering with the City’s plan to build affordable housing. The City claimed that it had allowed occupants to remain from 1991 to 1998 because there had not been funding available to rehabilitate the building.
In opposition, occupant Thelma Utsey showed that her family consists of herself, three of her children, ages 25, 23 and 12, and a grandchild, age 1; that before they commenced their occupancy, the house was used by drug dealers and was totally uninhabitable; that after entering into occupancy in January *717 1989, occupants cleaned the premises and repaired it, by installing pipes, plumbing, toilets, sinks, electrical wiring, a refrigerator, and new flooring, and by repairing the roof, the walls and the ceilings at a cost of thousands of dollars and much hard work; that, in 1990, they had the premises inspected by an engineer and provided the City with his written report as well as receipts for the repairs; that they have electric, gas and telephone service in their own name; that the adults are registered to vote; that Ms. Utsey’s school-age child goes to the local public school; and that they are active members of the east New York community.
Occupants further showed that, in 1990, the City brought a squatter proceeding against them, which it subsequently discontinued, and that immediately after discontinuing that proceeding, the City sought a writ of assistance in the condemnation proceeding, which application was denied in June 1991. Since that time, in reliance on the City’s allowing them to remain, they have installed aluminum siding, new windows, stairways, walls and kitchen flooring. Occupants also indicated that they remain committed to purchasing the home from the City. Citing, inter alia, Walls v Giuliani (916 F Supp 214 [ED NY 1996]), occupants claimed that by virtue of the City’s inaction for seven years they became tenants at sufferance or at will.
The Housing Court granted the City’s motion for summary judgment, reasoning that contrary to the holding in Walls (supra), a tenancy at sufferance arises only when one holds over after the termination of a lawful tenancy (Livingston v Tanner, 14 NY 64); that occupants had failed to offer any evidence of a conscious policy by the City to acquiesce in their occupancy; and that a trespass, even of 11 years, could not deprive the City of its legal remedies “if the time frame is within that for adverse possession.”
We think the Housing Court correctly declined to follow Walls v Giuliani (supra). In Walls, the court reasoned that, because a trespass can ripen (in some jurisdictions) into a peaceable actual possession and "the occupant may then bring a forcible entry and detainer proceeding, it must follow that a possessory interest (a tenancy at sufferance) has been created where an owner acquiesces in a trespasser’s occupancy for a substantial amount of time.
The Walls court’s conclusion that a trespass can ripen into a tenancy at sufferance is contrary to established principles of law. “An estate at sufferance is an interest in land which exists *718 when a person who had a possessory interest in land by virtue of an effective conveyance, wrongfully continues in possession of the land after the termination of such interest” (Restatement of Property § 22; see, Livingston v Tanner, 14 NY 64, supra; 1 Tiffany, Real Property § 174 [3d ed]). It is essential to the creation of this interest that the party previously have had a possessory interest. As the Housing Court correctly held, the occupancy by a trespasser who never had such a possessory interest cannot ripen into a tenancy at sufferance.
However, an occupancy by a squatter or trespasser can ripen into a tenancy at will as, for instance, where there is an express agreement of the parties or an acceptance of rent (Kassover v Gordon Family Assocs., 120 Misc 2d 196; see, 51 CJS, Landlord and Tenant, § 158). A tenancy at will may also arise by implication, and an obligation to pay rent is not a necessary incident of such a tenancy (Harris v Frink, 49 NY 24, 32). In order for a tenancy at will to arise, however, the occupancy must be subordinate, not adverse, to the title of the true owner (Biglow v Biglow, 75 App Div 98; In re Wilson’s Estate, 349 Pa 646, 37 A2d 709). The Court of Appeals has stated that an owner’s acquiescence in a continued occupancy (where the occupancy is subordinate to the title of the owner) may, where the facts so warrant, jiistify an inference that a tenancy at will has been created (Kerrains v People, 60 NY 221, 225).
In Walls, the squatters’ occupancy was adverse to the City’s title, and the squatters were claiming title by adverse possession. In contrast, the occupancy here was at all relevant times subordinate to the interest of the City since the occupants had acknowledged the City’s title.
The record shows, contrary to the findings of the Housing Court, that the City, after bringing the unsuccessful 1989 squatter proceeding and after unsuccessfully seeking a writ of assistance from the Supreme Court in 1990, made a conscious decision to allow occupants to remain in the premises for an indefinite term because the funding to proceed with the urban renewal project was not available. At the time the City made this decision, it was already clear from the preceding litigations and from occupants’ submission to the City of the receipts and of the engineering report, that occupants were not claiming title and that they were interested in working with the City to purchase the property from it (cf., Manhattan School of Music v Solow, 175 AD2d 106; 2 NY Jur 2d, Adverse Possession and Prescription, § 33 [an offer to purchase the property by one in possession constitutes an acknowledgment of the *719 owner’s title]). The City was also aware of the substantial improvements that occupants had made and were continuing to make to the premises and of their stabilizing influence upon the neighborhood. Under these circumstances, we hold that they remained in occupancy as tenants at will. Based upon the City’s failure to serve a 30-day notice (Real Property Law § 228), the petition must be dismissed.
Aronin, J. P., Scholnick and Patterson, JJ., concur.