OPINION OF THE COURT
Gary F. Marton, J.
This is a holdover proceeding. Petitioner alleges that respondent occupied the premises as a licensee, that the license has been terminated, and that petitioner may recover possession of the premises. Before answering, respondent moved to dismiss on the ground that the pleadings do not state a cause of action.[1] By a decision and order the court invoked CPLR 3211 (c), notified the parties that it would treat the motion as one for summary judgment, and granted them an opportunity to submit further affidavits and documents. Now, the court grants respondent’s motion.
The court finds that the following are the material facts. In 1990, respondent became the occupant of apartment 3 in the building in which the premises (i.e., apartment 2) is located. Petitioner asserts that respondent began this occupancy as the building’s superintendent and that his occupancy was an *520 incident of his employment. Respondent counters that he began his occupancy in 1990 as the subtenant of the tenant of record and that about a year later he began paying rent directly to the landlord. However, he concedes that beginning in “the early-00’s” (affidavit of Helfand, sworn to on July 19, 2011, para 10) he began performing the duties of a superintendent and he does not pretend that he paid rent once he began performing these duties. In the spring of 2007, he moved to apartment 1 in the building.[2] In March 2009 petitioner terminated respondent’s employment but left him in apartment 1 for the next six months. In September 2009 respondent moved to the premises, i.e., apartment 2, at petitioner’s request. In March 2011 petitioner served a predicate notice to quit, and in April 2011 a notice of petition and petition.
The notice to quit identifies the premises at issue as apartment 2 and states in pertinent part: “You [respondent] were granted a license to occupy the Apartment solely as an incident of your employment as a superintendent.” It is plain, however, that respondent could not have occupied apartment 2 as an incident of his employment inasmuch as petitioner had terminated that employment some six months before. The court holds that the predicate notice is a nullity.
Petitioner argues that the service of the notice to quit was gratuitous and therefore that any error in the notice is of no moment. However, while RPAPL 713 (11) provides that “no notice to quit shall be required in order to maintain the proceeding under this subdivision” where “[t]he person in possession entered into possession as an incident to employment by petitioner,” it is plain that respondent did not enter into possession of apartment 2 as an incident of his employment. The court holds that RPAPL 713 (ll)’s dispensation with the requirement to serve a notice to quit does not obtain here.
In Kerrains v People (60 NY 221 [1875]) the Court took up the question of whether a servant who had occupied premises as a condition of his employment and thereby had the status of a licensee, but whose employment had been terminated, changed to the status of either a tenant at will or a tenant at sufferance because his employer had not compelled him to surrender possession during the roughly three weeks that followed the termination. The Court affirmed the lower court’s ruling that *521 the employee’s status had not changed from a licensee to a tenant.
“Any considerable delay would be sufficient, but I can see no principle which would change the occupant eo instanti, from a mere licensee to a tenant. The employer should resume control of his property within a reasonable time or consent would be inferred. Whether this time is a day or a week may depend on circumstances.” (at 225.)
The delay here was considerably longer than the period at issue in Kerrains. Petitioner terminated respondent’s employment in March 2009 but had him move only six months later, and not out of the building but into another apartment in the same building. Further, petitioner did not serve a notice to quit until another year and a half had passed, i.e., in March 2011. Petitioner seeks to justify this delay by asserting that during this time its president was actively negotiating with respondent for him either to renew his employment or else to vacate the premises without resort to legal process. However, petitioner’s allegations in this regard are conclusory; with the exception of a contract proposed by petitioner in February 2009 (i.e., prior to the termination of respondent’s employment and thus arguably outside of the relevant period of time), which proposed contract respondent never signed, petitioner does not offer any particulars of these alleged negotiations; no copies of e-mails or other correspondence, dates and/or places of described conversations are offered. Yet with the proceeding in the posture it is in, i.e., petitioner opposing a motion for summary judgment, it was incumbent upon petitioner to lay bare its proof. (Indig v Finkelstein, 23 NY2d 728, 729 [1968].) Accordingly, whether the pertinent period of time is calculated as two years or as one and a half, this court holds that the delay was “considerable,” without a sufficient showing of excuse, and the court holds as well that petitioner did not “resume control of [its] property within a reasonable time” (Kerrains at 225). Petitioner’s actions and inactions here cloaked respondent with the status of a tenant, either at will or at sufferance (see e.g. City of New York u Utsey, 185 Misc 2d 715, 717 [App Term, 2d Dept 2000]).
As a tenant at will or at sufferance, respondent was entitled to be served with a 30-day notice of termination in conformity with Real Property Law § 228. Petitioner did not serve such a notice. Accordingly, the court grants respondent’s motion and dismisses this proceeding.

. In his moving papers, respondent asked for other forms of relief but at argument advised the court that these requests had been withdrawn without prejudice.

. Respondent asserts that he moved to apartment 1 at petitioner’s request. Petitioner does not address this issue.