Macias v Macias (2025 NY Slip Op 51627(U))

[*1]

Macias v Macias

2025 NY Slip Op 51627(U)

Decided on October 13, 2025

Civil Court Of The City Of New York, Queens County

Kitson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 13, 2025
Civil Court of the City of New York, Queens County

Fernando Macias, Petitioner,

against
Virginia Macias, TEODORO ZUNIGA, "JOHN DOE", "JANE DOE", Respondents.

Index No. LT-307041-23/QU

A. Johnson Law Firm P.C.
Attorneys for Petitioner
By: Craig D. Zim, Esq.
214-11 Northern Blvd., Ste 300
Bayside, NY 11361
Queens Legal Services
Attorneys for Respondent Macias
By: Christina A. Santora, Esq.
89-00 Sutphin Blvd., 5th Floor
Jamaica, NY 11435

Vijay M. Kitson, J.

Recitation, as required by CPLR § 2219(A), of the papers considered in the review of this Notice of Motion:
Papers                  Numbered [NYSCEF Doc No.]
Order to Show Cause Signed (Seq. 1) 20
Affirmation/Affidavit in Support 10
Exhibits in Support 11-18
Affirmation/Affidavit in Opposition 20-21
Exhibits in Support 22-25
Affirmation/Affidavit in Reply 27
NYSCEF Court File 1-27
Upon the foregoing cited papers, the Decision/Order on the motion in this proceeding is as follows:
Fernando Macias (Petitioner) commenced this summary holdover proceeding against Virginia Macias (Respondent) and Teodoro Zuniga (Zuniga), John Doe, and Jane Doe [*2](collectively Respondents) seeking to recover possession of the 1st Floor Apartment located at 34-49 111th Street, Corona, New York 11369 (Premises) upon service of the Petition (Ny Cts Elec Filing [NYSCEF] Doc No. 1), the Notice of Petition (NYSCEF Doc No. 3), and the affidavit of service (NYSCEF Doc No. 4) on May 11, 2023.
This holdover is predicated on a 30-Day Notice of Termination, which purported to terminate Respondent's alleged tenancy at will or at sufferance pursuant to Real Property Law (RPL) § 228. On December 5, 2023, this proceeding was calendared for a pre-trial conference and the court issued an Order (NYSCEF Doc No. 8) directing Respondents to interpose an Answer on or before December 15, 2023, and if no Answer is filed on said date, the court shall enter a general denial. The proceeding was adjourned to March 25, 2024, for trial. Respondent, through counsel, now moves to dismiss the proceeding on the bases that the predicate notice is fatally defective, the court lacks subject matter jurisdiction over this proceeding, or alternatively, allowing Respondent to file an Answer. On March 25, 2024, the court adjourned the proceeding to April 4, 2024, for opposition, and directed the parties to file affidavits of personal knowledge in order for the court to make summary determination pursuant to Civil Practice Law and Rules (CPLR) § 409 (b) if appropriate.
The undisputed facts are as follows: in or around 2007, Petitioner and Respondent were married, and on or about September 24, 2007, Petitioner transferred half of the interest of the Premises to Respondent (NYSCEF Doc No. 16). Respondent is in possession of the Premises. In August 2012, Respondent commenced a matrimonial action against Petitioner in Supreme Court under Index No. 18000/2012 (Matrimonial Action) seeking divorce. On September 1, 2018, the parties entered into a Stipulation of Settlement (Stipulation) in the Matrimonial Action (NYSCEF Doc No. 17). The Stipulation provided Respondent would convey her interest in the Premises to Petitioner and vacate within 30 days of signing the stipulation. The Stipulation also provided for Petitioner to make monthly maintenance payments to Respondent. Respondent asserts that Petitioner defaulted on the maintenance payments, and she therefore declined to convey her interest in the subject property and vacate the subject premises. Respondent also asserts in October 2019, Respondent's interest in the property was allegedly conveyed to Petitioner by way of an alleged referee's deed (Deed), in which Petitioner signed the Deed for Respondent "as per referee" (NYSCEF Doc No. 18). The stipulation contains a "Merger and Survival" clause that states:
"the parties hereto agree that the provisions of this Stipulation shall be submitted to the Supreme Court of the State of New York, Queens County, as a stipulation of settlement of the pending action for divorce by the Wife as Plaintiff against the Husband as Defendant. All of the provisions of this Stipulation shall be incorporated in any judgment or decree of divorce. This stipulation shall survive, and not be merged in, any judgment, decree or order, and the parties hereto shall remain bound to the performance of this Stipulation in accordance with the terms hereof."
Petitioner thereafter commenced the instant holdover proceeding in April 2023 through service of a 30-Day Notice of Termination terminating Respondent's tenancy at will or at sufferance (NYSCEF Doc No. 1, at 4). The divorce proceeding has been finalized, and a judgment of divorce was entered on February 8, 2024 (see NYSCEF Doc No. 10, ¶ 24). Respondent-undertenants Zuniga,John Doe, and Jane Doe have not appeared or answered.

Respondent's Motion to Dismiss
Respondent moves to dismiss pursuant to CPLR § 3211 (a) (1), (a) (2), and (a) (7), or [*3]alternatively allowing Respondent to file a late answer, and deemed the proposed answer annexed to the motion as deemed filed and served.
On a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be afforded a liberal construction . . . the facts as alleged in the complaint are accepted as true, [the court accords the Petitioner] the benefit of every possible favorable inference and determine[s] only whether the facts as alleged fit within any cognizable legal theory." (Leon v Martinez, 84 NY2d 83 [1994] [internal citations omitted]).
Under CPLR § 3211 (a)(1), dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law (id.). Respondent has not submitted any documentary evidence to the court other than the Stipulation in the Matrimonial Action, and the last recorded Deed to the Premises. The Stipulation, as mentioned above, clearly states Respondent shall transfer her share of the marital residence to Petitioner and vacate the first-floor apartment within thirty-days of executing the Stipulation. The Deed reflects the contemplated transfer. Respondent's submissions do not defeat Petitioner's claim to possession of the premises. The Stipulation is clear and unambiguous. The Deed is executed by the Petitioner "as per referee," however, Respondent submits no documentation showing that the Deed was fraudulent or order of the court in the Matrimonial Action showing the Deed was improvidently recorded. Furthermore, Respondent admits in their papers that the Matrimonial Action was finalized, and a judgment of divorce entered, which pursuant to the Stipulation, incorporated all the terms thereto. Accordingly, the court denies Respondent's motion as it seeks dismissal pursuant to CPLR § 3211 (a) (1).
Respondent's motion also seeks dismissal pursuant to CPLR § 3211 (a) (2), for lack of subject matter jurisdiction. Respondent avers that the theory of Petitioner's case, that Respondent is a tenant at will or at sufferance, does not fit within the purview of Real Property Actions and Proceedings Law (RPAPL) §§ 711 or 713. RPAPL 711 (1) provides that a summary proceeding may be maintained when a "tenant continues in possession of any portion of the premises after the expiration of his term." RPL § 228 states:
"A tenancy at will or by sufferance, however created, may be terminated by a written notice of not less than thirty days given in behalf of the landlord, to the tenant, requiring him to remove from the premises; which notice must be served, either by delivering to the tenant or to a person of suitable age and discretion, residing upon the premises, or if neither the tenant nor such a person can be found, by affixing it upon a conspicuous part of the premises, where it may be conveniently read. At the expiration of thirty days after the service of such notice, the landlord may re-enter, maintain an action to recover possession, or proceed, in the manner prescribed by law, to remove the tenant, without further or other notice to quit."
A tenant at will or a tenant at sufferance may be removed in a summary proceeding brought pursuant to RPAPL § 711 (1) provided a thirty-day notice is served on them pursuant to RPL § 228 (Pusatere v City of Albany, 214 AD3d 91 [3d Dept 2023], lv to appeal granted, 40 NY3d 907 [2023] [finding that landlord could maintain a summary proceeding against a tenant at will or tenant at sufferance pursuant to RPAPL § 711 [1], however reversing the trial court and dismissing the petition for failing to comply with pleading requirements regarding registration of rental properties]; City of New York v Utsey, 185 Misc 2d 715 [App Term, 2d Dept 2000] [reversing trial court and dismissing the petition as occupants were tenants at will and entitled to a thirty notice pursuant to RPL § 228 prior to the commencement of a summary proceeding]; [*4]Rodriguez v Greco, 31 Misc 3d 136(A) [App Term, 2d Dept 2011] [dismissing licensee proceeding brought against former wife stating she was a tenant at will entitled to a thirty-day notice pursuant to RPL § 228]; Gomez v Gomez, 85 Misc 3d 1263(A) [Civ Ct, Kings County 2025] [denying Respondents' motion to dismiss for improper service of a notice of termination pursuant to RPL § 228]; N. Shore Community Services, Inc. v Lehrfeld, 3 Misc 3d 436 [District Ct., Nassau County 2004] [dismissing a petition in a summary holdover proceeding finding occupant is a tenant at sufferance who must be served a 30 day notice pursuant to RPL § 228 prior to commencement of a summary proceeding]; Lippe v Professional Surgical Supply Co., Inc., 132 Misc 2d 293 [Civ Ct, Queens County 1986] [dismissed holdover proceeding without prejudice to commencement of a new holdover proceeding as no RPL § 228 notice was served upon the subtenant who became a tenant at sufferance once the prime tenant's tenancy had been extinguished).
The New York City Civil Court Act (CCA) 110 (a) (5) vests the Housing Part of the Civil Court of the City of New York with the subject matter jurisdiction over "all summary proceeding to recover possession of residential premises to remove tenants therefrom". Therefore, as this summary holdover proceeding was commenced pursuant to RPAPL 711 (1), the court has subject matter jurisdiction over this proceeding. (Chan v Adossa, 195 Misc 2d 590 [App Term, 2d Dept 2003]).
Respondent also seeks dismissal for lack of subject matter jurisdiction in that Petitioner may not remove Respondent as there is a legal support obligation between the parties. Respondent argues that family members cannot be ousted from the family residence through a summary proceeding in housing court. Respondent relies on Rosentiel v Rosentiel, 20 AD2d 71 (1st Dep't. 1963) (finding the statute that authorizes special proceedings to remove licensee from property is not applicable to authorize summary proceeding to evict a wife), and Minors v Tyler, 137 Misc 2d 505, 521 N.Y.S.2d 380 (Civ. Ct. Bronx County. 1987) (holding that a summary holdover proceeding was inappropriate between two individuals who have resided and cohabitated together for a number of years without having had the benefit of marriage). These cases are inapposite to the instant proceeding. In Rosentiel the court reasoned that "[a]s long as the marriage relationship stands, unabridged by court decree or valid agreement between the parties, the husband has the obligation by virtue thereof to support and maintain his wife" (Rosentiel, 20 AD2d at 76-77). In Minors, the civil court directed the holdover proceeding transferred to Supreme Court to properly determine Respondents claim of constructive trust where Respondent and Petitioner cohabitated together for a number of years without being married (Minors, 137 Misc 2d at 37-38).
More akin to the facts at bar is the holding in Tausik v Tausik, (11 AD2d 144 [1st Dept 1960], affd, 9 NY2d 664 [1961]). There, the Appellate Division, First Department held that a summary holdover proceeding was appropriate where Petitioner-husband and Respondent-wife entered into a valid license agreement, which had been terminated, and even though the matrimonial action was still pending between the parties. Similarly, in Halaby v Halaby, (44 AD2d 495 [4th Dept 1974]), the Appellate Division, Fourth Department held a summary holdover proceeding could be maintained by the Petitioner-ex-husband where "the [Respondent-ex]-wife's rights have indeed been modified and defined by court decree." These cases are distinguishable from the facts in Rosentiel (20 AD2d 71). Petitioner is not barred from maintaining this holdover proceeding against Respondent. Accordingly, Respondent's motion as it seeks dismissal for lack of subject matter jurisdiction is denied.
The last branch of Respondent's motion, as it relates to dismissal pursuant to CPLR § 3211 (a) (7), is that the notice of termination is insufficient as a matter of law. On a motion to dismiss pursuant to CPLR § 3211 (a) (7) the court's role is limited to determining whether the pleading states a cause of action that fits within any cognizable legal theory, while accepting the allegations in the pleading as true and affording the proponent of the pleading the benefit every possible inference. (Frank v Daimler Chrysler Corp., 292 AD2d 118 [1st Dept 2002]).
Respondent argues the proceeding should be dismissed because the 30-Day Notice of Termination is fatally defective because it fails to contain sufficient facts describing the legal relationship between the parties in relation to the proceedings and improperly states the proceeding is brought pursuant to RPL § 228, which is insufficient to state a cause of action pursuant to RPAPL § 711 or § 713. Respondent asserts Petitioner failed to describe whether Respondent is a tenant at will or a tenant at sufferance, and stated Respondent is one or the other because "her possessory rights are more than a licensee and less than a tenant." In response, Petitioner agues the Notice of Termination is sufficient under RPL § 228 because the Notice of Termination advises Respondent of the following: that the tenancy at will or of sufferance is terminated, Respondent must vacate the premises, Respondent has violated the Settlement Stipulation from her matrimonial action, and that Petitioner will commence a legal proceeding if Respondent fail to vacate. Furthermore, the Notice of Termination specifically states:
"The grounds upon which the Summary Proceedings will be brought are as follows: You were to vacate the premises pursuant to the stipulation of settlement you signed and judgment of divorce 30 days after September 2018. You failed to do so. Your possessory rights are more than a licensee and less than a tenant, and therefore a tenant at will or at sufferance and I elect to terminate you now under RP[L] 228" (NYSCEF Doc No. 12).
Notices of termination must set forth sufficient facts to establish the grounds for the Petitioner to recover possession. (Chinatown Apartments, Inc. v Chu Cho Lam, 51 NY2d 786 [1980]). To qualify as sufficient, the notice "must be clear, unambiguous and unequivocal" and must state facts that establish the basis for the eviction. (SAAB Enterprises, Inc. v Bell, 603 NYS2d 879 [App Div, 2d Dept 1993] quoting Ellivkroy Realty Corp. v HPD 86 Sponsor Corp., 556 NYS2d 339 [1st Dept 1990]; see also United Veterans Beacon House, Inc. v St. James, 781 NYS2d 628 [App Term, 2d Dept 2003]). Since notices of termination are a prerequisite to the commencement of a summary proceeding, deficiencies in the notice deprive petitioners of a predicate vehicle for reclaiming possession of the premises and thus fails to state a cause of action. (See Chinatown 51 NY2d at 788.) "Absent a proper predicate notice and pursuant to CPLR § 409 (b), the petition must be dismissed without prejudice." (McKay v Farquharson, 171 NYS3d 351 [Civ Ct, Queens County 2022] citing to Torres v. Sedgwick Ave. Dignity Developers LLC, 159 NYS3d 1209[A] [Civ. Ct. Bronx County 2022]). When evaluating the facial sufficiency of a predicate notice in a summary eviction proceeding, the appropriate test is one of reasonableness in view of the attendant circumstances. (Oxford Towers Co. LLC v. Leites, 837 NYS2d 131 [App. Div. 1st Dept 2008] citing to Hughes v. Lenox Hill Hosp, 651 NYS2d 418 [1996], lv denied 90 NYS2d 829 [1997]). Alternate theories of occupancy are permitted where there is no prejudice or confusion resulting from an alternative pleading. (Kew Gardens Portfolio Holdings, LLC v Bucheli, 69 Misc 3d 129(A) [App Term, 2d Dept 2020]).
A tenancy at will has been described as "[w]hen one enters upon land by permission of the owner for an indefinite period, even without the reservation of any rent, he is by implication of law a tenant at will." (4270 Ave., Inc. v. House, 202 NYS3d 663 [App. Term 2d Dep't 2023] [*5]citing to Larned v. Hudson, 60 NY 102, 104 [1875]; Stauber v. Antelo, 558 NYS2d 67 [1990]; City of New York v. Utsey, 185 Misc 2d 715 [App Term 2d Dep't 9th & 10th Jud. Dists. 2023]). A tenancy at sufferance arises at common law when an occupant continues in possession after a possessory interest terminates and the occupant has no privity to the party entitled to possession (House, 202 NYS3d at 1, citing to Livingston v Tanner, 14 NY 64 [1856]; Utsey, 185 Misc 2d 715). As previously mentioned above, both tenancies at will and tenancies at sufferance are terminated by a thirty-day notice pursuant to RPL § 228.
Here, Respondent had a possessory interest in the Premises as she formerly owned the property with Petitioner (NYSCEF Doc No. 16). Pursuant to the Stipulation, Respondent agreed to convey her interest of the Premises and vacate within thirty days of signing the stipulation (NYSCEF Doc No. 17). The Deed was recorded reflecting such conveyance and a final judgment incorporating the terms of the Stipulation was entered in the Matrimonial Action. A tenancy at will was created when Respondent was given the right to exclusively occupy the Premises by virtue of the Stipulation (Rodriguez v Greco, 31 Misc 3d 136[A]). Thus, the Notice of Termination sets forth facts that establish the basis for eviction and adequately apprises Respondent of the basis for the termination of tenancy so that Respondent may formulate a defense. The court does not find that pleading in the alternative regarding whether Respondent is a tenant at will or a tenant at sufferance to be prejudicial or confusing given the attendant circumstances (see Bucheli, 69 Misc 3d 129[A]). Accordingly, this branch of Respondent's motion is denied.
Leave to File Answer
Respondent alternatively seeks leave of court to file a late Answer pursuant to RPAPL § 743, CPLR § 2004, and CPLR § 3012 (d). Petitioner opposes. Pursuant to RPAPL § 743, the answer in a holdover proceeding may be asserted or filed "at the time the petition is to be heard." While there is a distinction between when the petition is scheduled to be heard (CPLR § 409) and when a trial is calendared (CPLR § 410), courts have routinely interpreted RPAPL § 743 to mean that the time for a respondent to file an answer is extended by adjournment of the proceeding unless "arrangements to the contrary have been made." (Nysandy3 Nbp11 LLC v. Thompson, 149 NYS3d 883 [Civ Ct, Bronx County 2021]; 974 Anderson LLC v. Davis, 48 NYS3d 266 [Civ Ct, Bronx County 2018]; see also In-Towne Shopping Ctrs. Co. v. DeMottie, 851 NYS2d 70 [App Term, 2d Dept 2007]). On December 5, 2023, the court issued an order directing Respondent to file an Answer on or before December 15, 2023, or it shall be deemed a general denial (NYSCEF Doc No. 8). Nevertheless, when the court signed the instant Order to Show Cause, it allowed Respondent to seek such relief. Pursuant to CPLR § 3012 (d), courts have discretion to extend the time to appear or plead, or compel the acceptance of a pleading untimely served "as may be just and upon a showing of a reasonable excuse for delay or default" (Artcorp Inc. v Citirich Realty Corp., 140 AD3d 417 [1st Dept 2016]). Respondent's reasonable excuse amounts to their attorney being unfamiliar with the events of the Matrimonial Action and thus was unable to timely interpose an Answer as ordered by the court. The court finds this excuse to be reasonable and grants Respondent's motion to the extent that the proposed Answer (NYSCEF Doc No. 11) is deemed filed and served.
Summary Determination
CPLR § 409 (b) provides: "The court shall make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised. The court may make any orders permitted on a motion for summary judgment." In a special proceeding, [*6]where no triable issues of fact are raised, the court must make a summary determination on the pleadings and papers submitted as if a motion for summary judgment were before it. (Friends World Coll. v Nicklin, 249 AD2d 393, 394 [2d Dept 1998], citing Matter of Bahar v Schwartzreich, 204 AD2d 441 [2d Dep't 1994]; CPLR § 409 [b]). CPLR § 409(b) does not require the joinder of issue as a condition precedent to granting summary determination. (HLP1 MRU LLC v Ishrak, 79 Misc 3d 1239[A] [Civ Ct, Queens County 2023]) The court shall conduct a trial as to any issues not summarily disposed of. See CPLR § 410.
The court finds, based upon a review of the pleadings, papers, and admissions that there are no triable issues of fact. Petitioner is the owner of the Premises. Respondent Macias is a tenant at will pursuant to the Stipulation in the Matrimonial Action whose tenancy was properly terminated by a thirty-day notice pursuant to RPL § 228. Respondents Zuniga, John Doe and Jane Doe are the undertenants of Respondent Macias. Respondents holdover and continue in possession after the expiration of the Notice of Termination, and without the permission of the Petitioner. Respondent's tenancy is not subject to any form of rent regulation as the premises is contained within a two-family home that became vacant subsequent to April 30, 1953. Petitioner has proven its prima facie case, and is entitled to a judgment of possession as against all named Respondents.
Accordingly, it is so:
ORDERED that Respondents motion as it seeks dismissal is denied; and it is
ORDERED that Respondents motion as it seeks leave to interpose a late answer is granted; and it is
ORDERED that the court makes summary determination pursuant to CPLR 409 (b) and awards Petitioner a judgment of possession as against Respondents Virginia Macias, Teodoro Zuniga, John Doe, and Jane Doe; and it is
ORDERED that no further investigation is required as to Respondents' military status; and it is
ORDERED that the warrant of eviction shall issue forthwith, execution stayed through January 31, 2026, for Respondents to vacate; and it is
ORDERED that the earliest eviction date shall be February 1, 2026; and it is further
ORDERED that upon Respondents' failure to vacate the premises, the warrant may execute upon service of a notice of eviction.
This constitutes the decision and order of the court.
Dated: October 13, 2025
Queens, NY
HON. VIJAY M. KITSON
Judge, Housing Court