In the Matter of JOSEPH GIMELLI et al., Appellants, against HARRIS H. MURDOCK et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents.— In a proceeding to review a determination of respondent board of standards and appeals, which revoked the approval by the borough superintendent of the department of housing and buildings, borough of Queens, of plans and a permit for appellants' property, they appeal from an order which granted respondents' motion to vacate the order of certiorari theretofore issued, dismissed the petition and affirmed the determination of the board of standards and appeals. Appellants are the owners of premises located in an area zoned as a local retail district. The use approved by the borough superintendent was as a yard for contractor's tools, appliances and supplies of brick, cement and cinder blocks, necessary for the conduct of appellants' business as general contractors, and for the sale of such materials at retail. The construction approved was a cement-block enclosing wall around the plot, a small office building and a four-car garage. Order reversed on the law and the facts, with $25 costs and disbursements, the motion denied, the determination of the board of standards and appeals reversed and annulled, and the decision of the borough superintendent reinstated and confirmed. It is conceded that the only provision of the zoning resolution which might be construed as a prohibiton against appellants' proposed use of their property is subdivision (k) of section 4-B thereof, which is made applicable to local retail districts by section 4-C. That subdivision, insofar as is here involved, prohibits a "Warehouse or storage plant" in such local retail districts. Applying the principle that zoning laws are to be strictly construed, since they are in derogation of common-law rights, and that their provisons may not be extended by implication (*Matter of Monument Garage Corp.* v. *Levy*, 266 N. Y. 339, 344; *Matter of 440 E. 102nd St. Corp.* v. *Murdock*, 285 N. Y. 298, 304), we are of the opinion that appellants' contemplated use was not that of a warehouse or storage plant within the purview of the zoning resolution; and was, therefore, not a prohibited use in a local retail district. Lewis, P. J., Carswell, Adel, Sneed and Wenzel, JJ., concur.