Edward J. Poulos, J.
These are two summary proceedings for possession of real property which were consolidated for trial. The facts in each case are the same. Petitioner is a motel and respondents in each action are welfare recipients who occupy respective rooms in the petitioner’s motel, each respondent having four children living with her. On July 23, 1971, the petitioner, which claims occupants are present by virtue of an innkeeper-guest relationship, gave notice that the Lands must all leave immediately (or within a day or two), which they did not do. All negotiations pertaining to the occupation of the Lands was conducted by petitioner and the Nassau County Social Services Department who placed the respondents in the motel on a “ temporary ” basis under an oral agreement which did not specify the term of the occupancy. It seems conceded that respondents were occupying on a day-to-day basis.
It is well known that “ a summary proceeding is a statutory remedy and the petition must strictly be construed. ’ ’ (Blozevich v. Tasber, 116 N. Y. S. 2d 801, 804 [1952]; Goldman Bros. v. Forester, 62 Misc 2d 812 [1970].)
Therefore, if a petitioner cannot fit his situation into one of the categories in sections 711 or 713 of the Beal Property Actions and Proceedings Law, he must be relegated to his action in ejectment. (2 Rasch, Landlord and Tenant, § 1202.)
Petitioner has strenuously contended at each step in these proceedings (from petition to posttrial memo) and even in a declaratory judgment action in Supreme Court, that petitioner’s relationship with respondents is not one of landlord and tenant; however, if this is the case, section 711 of the Real Property Actions and Proceedings Law is unavailing to petitioner as it applies only where there is a landlord-tenant relationship existing. (Matter of Mahshie v. Dooley, 48 Misc 2d 1098 [1965].) It also follows from petitioner’s contention that section 713 of the Real Property Actions and Proceedings Law is inapplicable, as it has failed to allege and prove that it gave the requisite notice specified (10 days), unless of course subdivision 10 or 11 of section 713 of the Real Property Actions and Proceedings Law is applicable, which does not appear to be the ease here.
In the event that neither section 711 nor 713 of the Real Property Actions and Proceedings Law is applicable (using *89 petitioner’s contention), then it is possible that longer periods of notice may be required to be given pursuant to section 228 et seq. of the Beal Property Law.
The court points out that while petitioner is claiming that the relationship between it and the respondents is one of innkeeper-guest, it has not set forth what follows from such a relationship and while that type of relationship has been long known to our society, it is interesting to note that those terms are not defined or even used in the Beal Property Actions and Proceedings Law, which leads to the conclusion that the so-called ‘ ‘ summary proceeding ’ ’ is not available to an innkeeper or hotel owner who is not a “ landlord ” unless he can fit into one of the limited situations described in the subdivisions of section 713 of the Beal Property Actions and Proceedings Law. Assuming that petitioner is correct in his contention, the court has found that while ‘ ‘ the rule is well established that the operator of a race track can ‘ exclude a person from attending its races * * * as long as the exclusion is not founded on race, creed, color or national origin ’ ” (People v. Licata, 28 N Y 2d 113, 115 [1971]), “ at common law, a person engaged in a public calling, such as an innkeeper or common carrier, was held to be under a duty to the general public and was obliged to serve, without discrimination, all who sought service. ’ ’ (Madden v. Queens County Jockey Club, 296 N. Y. 249, 253 [1947]; emphasis added.) This is still law.
The Madden case (supra, p. 255) also answers respondents’ contention that because petitioner is licensed by the government, it becomes a form of public housing: ‘ ‘ The grant of a license to promote the public good, in and of itself, however, makes neither the purpose a public one nor the license a franchise, neither renders the enterprise public nor places the licensee under obligation to the public.”
The petitions are dismissed without prejudice. The petitions contain no allegation nor was there any proof of any notice having been given pursuant to any of the provisions of the Beal Property Actions and Proceedings Law.