*1090 OPINION OF THE COURT
Elliott Wilk, J.
This is a summary proceeding for nonpayment of rent. Respondent moves to dismiss on the ground that the petition is jurisdictionally defective.
(1) (1) The petition fails to plead compliance with the warranty of habitability. (Houston Realty Corp. v Castro, 94 Misc 2d 115.)
(2) The petition alleges that the premises are subject to the rent stabilization law but fails to allege a rent stabilization association number or offer an explanation for the absence of such number. Therefore, it is not in compliance with 22 NYCRR 2900.21 (e) (2) (iv). (See, also, 353 Realty Corp. v Disla, 81 Misc 2d 68; Lincoln Plaza Assoc. v Barbarisi, 60 Misc 2d 100.)
(3) The petition fails to set forth a statement of petitioner’s interest in the premises as required by Reich v Cochran (201 NY 450).
(4) Attorney Schwartz states that he is the verifier because petitioner is not in the county where his attorneys maintain their office. There is no statement concerning petitioner’s address or whereabouts beyond this conclusory allegation. (See Boyce v Dumars, 114 App Div 284; accord Storm & Co. v Migliore & Sons, 130 Misc 654.)
Respondent’s motion is granted for the reasons enumerated. However, another aspect of verification invites comment.
Historically, landowners were exclusively relegated to the cumbersome and time consuming common-law action of ejectment to remove those unlawfully on their property. In order to assist the landowner, the Legislature devised a statutory scheme whereby people could be removed in an expeditious fashion. However, to protect the interests of those who were subject to summary removal, strict compliance with the provisions of the statute was demanded. (Shaw, Summary Proceedings under the Real Property Actions and Proceedings Law, McKinney’s Cons Laws of NY, Book 49 Vi, Real Property Actions and Proceedings Law [1963 ed], pp 104-113; People ex rel. Livermore v Hamilton, 39 NY 107; Reich v Cochran, 201 NY 450, supra; Handshke v Loysen, 203 App Div 21; Liberty Place Holding Corp. v Schwob, Inc., 136 Misc 405, affd 229 App Div 841.) A petitioner’s failure to comply strictly with the statute results in the forefeiture of its right to maintain the *1091 special proceeding and must culminate in the dismissal of the action. (Reich v Cochran, supra; Handshke v Loysen, supra; Goldman Bros. v Forester, 62 Misc 2d 812; 300 West Realty Co. v Wood, 69 Misc 2d 580 affd 69 Misc 2d 582; Zisser v Bronx Cigar Corp., 91 Misc 2d 1025.) Nevertheless, because summary proceedings unlike plenary lawsuits, provide little time for responsive pleadings, almost no opportunity for pretrial discovery, and truncated and telescoped trials, a number of commentators and Judges have advanced the increasingly accepted view that such proceedings too often result in substantial injustice to respondents. (Quinn and Phillips, The Law of Landlord-Tenant: A Critical Evaluation of the Past with Guidelines for the Future, 38 Ford L Rev 225; Lesar, Landlord and Tenant Reform, 35 NYU L Rev 1279; Schoshinski, Remedies of the Indigent Tenant: Proposal for Change, 54 Georgetown U 519.) In this light, the favorable reception accorded the concept of "warranty of habitability” — the proposition that "by signing [a] lease the landlord has undertaken a continuing obligation to the tenant to maintain the premises in accordance with all applicable law” (Javins v First Nat. Realty Corp., 428 F2d 1071, 1081) in breach of which tenant’s reciprocal obligations shall be suspended may be seen as an attempt to reduce the tenant’s disadvantage in a summary proceeding. (Pines v Perssion, 14 Wis 2d 590; Marini v Ireland, 56 NJ 130; Tonetti v Penati, 48 AD2d 25; see, also, Real Property Law, § 235-b.)
The New York State Legislature’s continued retention of verification which has been defined as a "swearing to the truth of a pleading,”[1] despite decidedly hostile criticism from a respected independent source[2] as well as from its own advisory committee on legislation[3] can be perceived in much the same way.
Verification of the initatory pleading in summary proceedings serves two closely connected yet distinguishable purposes. The ultimate function served by any formal attestation is the fostering of honesty in pleadings coupled with the theoretically coercive effect of punishment if caught in a deception. Related and, in the landlord-tenant area, inseparable from due process, is the idea that verification of the petition’s *1092 contents insures its reliability. Thus the tenant is entitled to prepare its answer and its case for trial in reliance upon the accuracy of the allegations set forth in the petition. In a fundamental sense then, proper verification lends itself to the due process considerations of adequate notice and the opportunity to be heard. (Cf., inter alia, Giannini v Stuart, 6 AD2d 418; Berman v Furer, NYLJ Sept. 5, 1975, p 7, col 5; Fitzgerald v Washington, 80 Misc 2d 861; Margolies v Lawrence, 67 Misc 2d 468.)
Although verification had been a hallmark of summary proceedings since their appearance in New York State (see L 1820, ch 194), the requirement was inadvertently dropped when the Real Property Actions and Proceedings Law was promulgated in 1963. The oversight discovered, verification was promptly restored to the law of summary proceedings when the opening paragraph of section 741 of the Real Property Actions and Proceedings Law was amended from "(t)he petition: shall” to "(t)he petition shall be vérfied * * * and shall” (see L 1965, ch 910, § 9). By its decision to use mandatory language in the preface, the Legislature underscored its commitment to verification in summary proceedings.
Another measure of the importance of verification to article 7 petitions can be gathered from reference to the wording of section 741. Each of the section’s five subdivisions is designed to elicit specific factual information. Failure to articulate such information with precision has repeatedly been held fatal to the petition. (Giannini v Stuart, supra; Berman v Furer, supra; Finkelstein v Reyes, 75 Misc 2d 340; 353 Realty Corp. v Disla, 81 Misc 2d 68, supra; see, also, 22 NYCRR 2900.21.) In this case, the petition names "richard fisch, referee” as landlord of the premises and states that he is "authorized to institute this proceeding.” The petition contains a number of allegations, all of which are made upon information and belief. At the bottom of the petition, Richard D. Schwartz, identified as "one of the attorneys for” petitioner, purports to verify the petition as follows: "The Undersigned affirms under penalty of perjury * * * that he has read the foregoing petition and knows the contents thereof; that the same are true to his knowledge except as to matters stated to be upon information and belief; and as to those matters he believes them to be true, the grounds of his belief as to matters NOT STATED UPON HIS KNOWLEDGE ARE STATEMENTS AND/OR *1093 RECORDS PROVIDED BY THE PETITIONER AND/OR ITS AGENTS OR EMPLOYEES.”
The petition is a form. The upper case letters fill blank spaces in the form and appear to be computer type.
Petitioner may not circumvent the requirement of verification by relying on the last clause of CPLR 3020 (subd [d]).[4] Summary proceedings, being wholly legislative in origin, demand strict compliance with the statute.
In Giannini v Stuart (supra, p 419) a petition was dismissed as jurisdictionally defective because proof of the decontrolled status of the premises was insufficient as a matter of law. The sole evidence at trial consisted of a document, signed by the landlord’s agent without personal knowledge of its contents, entitled "Landlord’s Report on Statutory Decontrol”, and stamped to indicate its filing with the office of the local Rent Administrator. Furthermore, the petition itself merely alleged "(t)hat the premises herein are decontrolled.” The opinion, construing the predecessor statute of section 741 of the Real Property Actions and Proceedings Law (Civ Prac Act, § 1415), called attention to the necessity for facts in the petition in the following language: "A tenant is entitled to a concise statement of the ultimate facts upon which the proceeding is predicated so that the issues, if any there be, are properly raised and can be met.” (Giannini v Stuart, 6 AD2d 418, 420, supra; see, also, Berman v Furer, supra.)
The problem raised by Giannini (supra) and Berman (supra) —the imperative need for the assertion of reliable factual information in summary proceeding petitions — is addressed by the most recent amendment to section 741 of the Real Property Actions and Proceedings Law requiring verification. (See L 1977, ch 247, § 2, eff July 1, 1977.) The purpose of this amendment, which must be considered together with the amending language to sectin 721 dealing with the enumeration of persons authorized to maintain summary proceedings, was to clarify the procedures for instituting summary proceed *1094 ings. In the view of one commentator this would be accomplished by having the petition "brought in the name of the party actually seeking possession, while the verification would be made by the person having the greatest knowledge of the pleading.” (Legis Report No. 121-A New York State Bar Assn. [1977].) However laudable these purposes may be, the stark fact remains that the 1977 amendments and, moreover, the thrust of the very statutes themselves, are frustrated by a verification such as the one in question. If section 741 is to have any meaning, it is apparent that the requisite factual showing must be made by a person with direct knowledge.

. Siegel, New York Practice, p 281.

. Siegel, New York Practice, pp 281-286.

. Advisory Committee on Practice and Procedure, First Preliminary Report Feb. 1, 1957, pp 73-74, NY Leg Doc, 1957, No. 6(b).

. "[I]f the party is a foreign corporation, or is not in the county where the attorney has his office, or if there are two or more parties united in interest and pleading together and none of them acquainted with the facts is within that county, or if the action or defense is founded upon a written instrument for the payment of money only which is in the possession of an agent or the attorney, or if all the material allegations of the pleading are within the personal knowledge of an agent or the attorney, the verification may be made by such agent or attorney.” (CPLR 3020, subd [d], par 3.)