11114 101 Ave Corp. v Ramlogan (2025 NY Slip Op 51438(U))

[*1]

11114 101 Ave Corp. v Ramlogan

2025 NY Slip Op 51438(U)

Decided on September 10, 2025

Civil Court Of The City Of New York, Queens County

Kagan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 10, 2025
Civil Court of the City of New York, Queens County

11114 101 Ave Corp., Petitioner

against
Mike Ramlogan, SIRI KRISHNA CAITANYA, MANDIR INC., & XYZ CORP., Respondents

Index No. LT-300756-25/QU

Petitioner
Christos Pappas & Associates PLLC 
152-53 10th Ave, Suite 203
Whitestone, New York 11357 
(718) 229-5390 
[email protected]
Respondent
Igbokwe PLLC 
28 Liberty Street, 6th Floor
New York, New York 10005 
(347) 467-4674 ext: 103 
[email protected]

Mark Kagan, J.

The respondents have moved pursuant to CPLR §2221 seeking to reargue a portion of a decision and order dated July 28, 2025 which held the respondents were tenants at sufferance and which further held a predicate notice served pursuant to RPL §228 was sufficient to maintain a summary proceeding against the respondents. The respondents do not seek to reargue the portion of the decision which held they were tenants at sufferance. Rather, they seek to reargue the portion of the decision which held the notice served was sufficient to maintain this summary proceeding. They argue that a summary proceeding can only be commenced pursuant to Article 7 of the Real Property Actions and Proceedings Law and that if the specific relationship between the petitioner and respondents do not fit within any category enumerated in either RPAPL §711 [*2]or RPAPL §713 then the petition must be dismissed. The respondents insist that since the petitioner in this case cannot establish any basis under any provision of Article 7 of the RPAPL the petition is deficient and must be dismissed. The petitioner has opposed the motion arguing it has no merit and the court should adhere to its earlier decision. The court has considered all the papers and arguments submitted and now renders the following determination.
As recorded in the prior decision the respondent Mike Ramlogan owned premises located at 111-14 101st Avenue in South Richmond Hill. The ground floor was used as a Hare Krishna Mandir (Temple) and this action only concerns the ground floor. A foreclosure action was commenced and the property was purchased by the petitioner in November 2020. The respondents were served with a notice of termination pursuant to Real Property Law §228 by the new owner and this action was commenced when the respondents failed to vacate the premises by the date listed within the notice. The respondents moved seeking to dismiss the petition and in a prior decision the court denied the request. The court held the respondents were tenants at sufferance and the notice served pursuant to RPL §228 was sufficient to pursue this action. As noted, the motion seeking to reargue portions of that determination has been filed.
Conclusions of Law
A motion to reargue must be based upon the fact the court overlooked or misapprehended fact or law or for some other reason mistakenly arrived at in its earlier decision (Diosmaira v. New York City Transit Authority, 238 AD3d 854, 235 NYS3d 97 [2d Dept., 2025]). 
There are two distinct methods a petitioner may utilize to remove an occupant from the petitioner's premises. The first is a common law plenary action in ejectment, now called an action to recover real property and is governed by Article 6 of the RPAPL. The second method is a summary proceeding, a statutory creation governed by Article 7 of the RPAPL. At common law, prior to the enactment of summary proceeding statutes, the only method available was ejectment (see, Haskell v. Surita, 109 Misc 2d 409, 439 NYS2d 990 [Civil Court New York County 1981]). Ejectment actions have been classified as time consuming and cumbersome (see, Fisch v. Chason, 99 Misc 2d 1089, 418 NYS2d 495 [Civil Court New York County 1979] declined to be followed on other grounds, see, Birchwood Towers # 2 Associates v. Schwartz, 98 AD2d 699, 469 NYS2d 94 [2d Dept., 1983]) and deprive the landlord of the ability to receive rent while the action progresses (Fifty States Management Corp. v. Pioneer Auto Parks Inc., 46 NY2d 573, 415 NYS2d 800 [1979]).
The crux of the respondent's motion rests upon the argument that summary eviction proceedings can only be maintained pursuant to the grounds contained within Article 7 of the RPAPL In support of this contention the respondents cite to North Shore Motor Lodge Corporation v. Land, 68 Misc 2d 87, 324 NYS2d 820 [District Court Nassau County 1971] which stated that "if a petitioner cannot fit his situation into one of the categories in sections 711 or 713 of the Real Property Actions and Proceedings Law, he must be relegated to his action in ejectment" (id). RPAPL §711 governs "grounds where landlord-tenant relationship exists" (id) and lists six instances where a summary proceeding is proper. RPAPL §713 governs "grounds where no landlord-tenant relationship exists" (id) and lists eleven instances where a summary proceeding is proper. The respondents assert that "if Petitioner wishes to proceed in a summary proceeding, the manner prescribed by law is to locate a subsection of RPAPL §713 that is applicable to these facts. If no such subsection exists, they are relegated purely to an ejectment in Supreme Court" (see, Affirmation in Support, ¶34 [NYSCEF Doc. No. 22]). Therefore, the [*3]question that must be addressed, that has not been discussed in any case, is whether RPL §228 can provide the necessary "procedural vehicle" to maintain a summary eviction proceeding notwithstanding the fact a tenant at sufferance is not included within RPAPL Article 7 (see, Affirmation in Support, ¶29 [NYSCEF Doc. No. 22]).
In North Shore Motor Lodge Corporation (supra) the respondents were welfare recipients living in the petitioner's motel pursuant to an arrangement negotiated by the Nassau County Social Services Department. They were given a one or two day notice to leave and they failed to comply. A summary proceeding was commenced and the court dismissed the petition without prejudice. The court explained that no landlord tenant relationship existed and the petitioner could not avail itself of RPAPL §713 since it had failed to comply with the requisite ten-day notice requirement that serves as a condition precedent to any summary proceeding. Indeed, the last sentence of the decision stressed that "the petitions are dismissed without prejudice. The petitions contain no allegation nor was there any proof of any notice having been given pursuant to any of the provisions of the Real Property Actions and Proceedings Law" (id). That decision merely held that any conditions precedent that were necessary to commence an action pursuant to RPAPL Article 7 had not been satisfied. Again, in Kasdon v. Cabrera, 234 NYS2d 913 [Civil Court Kings County 2025] the petitioner commenced a nonpayment proceeding pursuant to RPAPL §711(2). The petitioner asserted he had been appointed a receiver of rents pursuant to orders of the Supreme Court in a common charges lien foreclosure action commenced by the president of the condominium board against the respondent. In that action the respondent had been deemed a tenant and was ordered to pay common charges. The court dismissed that proceeding concluding the petitioner had no standing to pursue the action. Specifically, the court noted that there was no lease or agreement to pay rent between the parties and no real landlord-tenant relationship at all and the petitioner's sole basis to commence the action was the order of the Supreme Court. The court explained the permission of the Supreme Court contradicted the elements of RPAPL §711(2) which required an "agreement under which the premises are held" to actually pay rent. Further, the court noted the Supreme Court could not "deem" respondent to be a "tenant" as defined by RPAPL 711(1)" (id). Therefore, the petition was dismissed. Again, the dismissal in this case was on purely procedural grounds.
Lastly, in Mastas v. Extra Closet Inc., 146 Misc 2d 698, 553 NYS2d 582 [Civil Court Kings County 1990] the court dismissed a holdover proceeding when the petitioner served an incorrect notice to the respondent as a licensee when in reality the respondent was really a tenant at sufferance. The petitioner argued the respondents were trespassers. The court held that "even if respondents could be characterized as trespassers by some other criterion, no RPAPL summary proceeding would be available to petitioner" (id). The court explained there was no statute that could be utilized to maintain any action against trespassers. 
In this case RPL §228 specifically requires notice prior to the termination of a tenancy at will or a tenant at sufferance. The respondents insist that while that statute, of course, serves as a notice to the respondents, it does not permit an action against them since a tenant at sufferance is not included within RPAPL Article 7.
It is true that there are a few relationships between a landlord and an occupant of the landlord's premises that are not included within RPAPL §711 or §713. They include a a tenant at sufferance and a tenant at will (see, RPL §228). In these situations numerous cases have recognized summary proceedings as valid ways of pursuing a holdover against the occupant without resorting to a plenary action for ejectment. In North Shore Community Services Inc. v. [*4]Lehrfeld, 3 Misc 3d 436, 776 NYS2d 739 [District Court Nassau County 2004] the court specifically held that a summary proceeding was available pursuant to RPL §228 where the tenants were classified as tenants at sufferance. Again, in Taranto v. Alexejew, 166 Misc 2d 223, 632 NYS2d 758 [District Court Nassau County 1995] the court held a summary proceeding was a valid method of pursuing a holdover claim against a tenant at will. Moreover, in Gomez v. Gomez, 85 Misc 3d 1263(A), 231 NYS3d 814 [Civil Court Kings County 2025] the court explained that "a termination notice pursuant to RPL 228, for termination of tenancies at will or by sufferance, is served as a notice under RPAPL §711, which provides grounds for termination where a landlord-tenant relationship exists . . . RPAPL §711(1) allows a landlord to commence a summary proceeding to recover possession of a premises where '[t]he tenant continues in possession of any portion of the premises after the expiration of his term, without the permission of the landlord'" (id). Further, in 380 Yorktown Food Corp. v. 380 Downing Drive LLC, 35 Misc 3d 1243(A), 957 NYS2d 267 [Supreme Court Westchester County 2012] the court again accepted that a tenant at sufferance could be evicted pursuant to a summary proceeding (see, also, Laffey v. TCG Group LLC, 65 Misc 3d 177, 106 NYS3d 581 [District Court Nassau County 2019, Gorbrook Associates Inc v. Silverstein, 37 Misc 3d 141(A), 966 NYS2d 346 [Appellate Term 9th and 10th Judicial Districts 2012] and Bakht v. Akhtar, 28 Misc 3d 134(A), 958 NYS2d 59 [Appellate Term 2nd and 11th Judicial Districts 2012]). These cases unmistakably support the summary proceeding as the appropriate vehicle to remove tenants at sufferance from premises without resorting to an ejectment action.
It cannot be disputed a tenant at sufferance is not mentioned within Article 7. The respondent argues that therefore an ejectment action is the only remedy available to petitioner. The cases cited do not support the respondent's arguments. The cogency of those arguments notwithstanding there are fundamental differences between an ejectment action and a summary proceeding. First, an ejectment action is termed an action to recover real property while a summary proceeding is an action to recover "possession" (id). While that distinction is subtle it is critical. This is particularly true where RPL §228 specifically states that following the service of the notice an owner may proceed with an action to "recover possession" (id). RPL §228 does not explicitly state the owner may commence a summary proceeding (compare RPL §232-a, the statute requiring notice to terminate a month to month tenancy where the statute says the owner may commence a 'summary proceeding'). However, the statute's use of the word 'possession' is sufficient authority to allow a summary proceeding notwithstanding its absence from RPAPL Article 7. Indeed, there are other statutes outside of RPAPL which expressly authorize a summary proceeding to remove tenants from a premises (see, Labor Law §316, Multiple Dwelling Law §352). Thus, RPL §228 surely allows a summary proceeding in this case. Moreover, in a commercial setting there is no predicate notice requirement prior to the commencement of an ejectment action (see, Bremen House Inc., v. LoBosco, 214 AD3d 557, 187 NYS3d 3 [1st Dept., 2023]). Of course, RPL §228 requires a predicate notice to remove a tenant at sufferance. It would be incongruous for a statutory scheme to require notice in a plenary ejectment action where no such notice is required and foreclose the opportunity to commence a summary proceeding in the specific instance where such notice is mandated. Thus, the logical and natural impact of RPL §228 is to permit a summary proceeding to remove a commercial tenant at sufferance. The numerous cases cited that have so held surely endorse this view.
Therefore, based on the foregoing, the motion seeking reargument is denied. The parties [*5]are scheduled to appear in Part 52 on October 9, 2025 at 10:00 AM.
So ordered.
Dated: September 10, 2025
Jamaica NY
Hon. Mark Kagan, JCC