Gomez v Gomez (2026 NY Slip Op 26006)

[*1]

Gomez v Gomez

2026 NY Slip Op 26006

Decided on January 9, 2026

Civil Court Of The City Of New York, Kings County

Bacdayan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on January 9, 2026
Civil Court of the City of New York, Kings County

Gerard Gomez, Petitioner,

againstJoseph Alfred Gomez; BEVERLY BAILEY; ISAIAH GOMEZ; 
 "JOHN DOE"; "JANE DOE", Respondent

Index No. 329134-23

Roland Godfrey Ottley, Esq. for the petitioner 
Wenig Saltiel LLP (Dan Blumental, Esq.), for the respondents

Karen May Bacdayan, J.

Recitation as required by CPLR 2219 (a) of the papers considered for this decision and order by NYSCEF Doc Nos. - 49 — respondents' mem of law; 50 — petitioner's mem of law in opposition; respondents' reply mem of law.
On May 7, 2025, petitioner, Gerard Gomez ("petitioner"), commenced this holdover proceeding commenced against family members, Joseph Alfred Gomez, Beverley Bailey, Isaiah Gomez ("respondents"), predicated upon a 30-day notice of termination of respondents' tenancy at sufferance served pursuant to Real Property Law ("RPL") § 228. Respondents filed a motion on February 6, 2025, seeking summary judgment based on improper service of the notice to quit. (NYSCEF Doc No. 31.) By the decision and order dated April 22, 2025, the Hon. Madelina Danescu held that the service requirements under Real Property Actions and Proceedings Law ("RPAPL") § 735 are not applicable to a notice of termination of a tenancy at sufferance pursuant to RPL 228 which provides for it's own method of service. (NYSCEF Doc No. 31.) The proceeding was transferred to the trial part, and adjourned for trial. On the trial date, respondent orally argued that this court lacks subject matter jurisdiction over RPL § 228 proceedings to dispossess tenants at sufferance. (See NYSCEF Doc No. 22, amended answer.) As subject matter jurisdiction may be challenged at any time, even on appeal, the court invited briefing on this novel issue and issued a order for the parties' respective memoranda of law. (NYSCEF Doc No. 48.)
ARGUMENTSRespondents, tenants at sufferance, contend that petitioner is relegated to commencing an action for ejectment in Supreme Court under Article 6 of the RPAPL; and that the 2019 amendment to RPAPL 711 which states that "[n]o tenant or lawful occupant of a dwelling or housing accommodation shall be removed from possession except in a special proceeding" does [*2]not reflect any legislative inten[t] to abrogate RPAPL Art[icle] 6 as applied to residential possession[.]" (NYSCEF Doc No. 49, respondents' memorandum of law at 1-2.)[FN1]

Respondents rely heavily on the fact that RPAPL Article 7 nowhere specifically provides that the Housing Court may entertain a summary proceeding against a tenant at sufferance or at will. Respondents direct the court's attention to the language of RPL 228 which provides that upon the expiration of the 30-day notice, "the landlord may re-enter, maintain an action to recover possession, or proceed, in the manner prescribed by law, to remove the tenant, without further or other notice to quit." Respondents emphasize that the predecessor statute to RPL 228 — provided that upon expiration of said notice, the landlord could either "re-enter, maintain ejectment, or proceed, in the manner prescribed by law, to remove the tenant, without further or other notice to quit." Thus, respondent surmises that in 1962 — the same year that both RPL 228 was enacted and the legislature created Article 7 of the RPAPL — the legislature merely substituted the language "an action to recover possession" for "ejectment," and did not grant any relief under RPAPL Article 7 to seek possession via a summary proceeding after termination of a tenancy at sufferance.[FN2]
This, respondents argue, "indicates a legislative intent that recovery of such long-term occupancy be by action (further established by the requirement of RPAPL §641, specifying a 'complaint' as the commencing pleading)." (Id. at 4.) More succinctly, respondents' position is that "the absence of the termination of tenancies at sufferance from RPAPL Article 7 forms a statutory mandate to litigate same as an action. As this Court lacks subject matter to adjudicate or convert an action, it is without any option other than to dismiss." (Id. at 6.)
Respondents distinguish a recent case, 1114 JOJ Ave Corp. v Ramlogan, 240 NYS 3d 898, 901 (Civ Ct, Queens County 2025), rearg denied, 87 Misc 3d 1202(A), 2025 NY Slip Op 51438(U) (Civ Ct, Queens County 2025), in which the court denied a motion to dismiss a proceeding predicated on a RPL § 228 notice served upon a commercial tenant. Respondents argue that the Ramlogan court did not recognize summary eviction proceedings as a valid alternative to an ejectment action to recover property from a tenant at sufferance.
Petitioner opposes respondents' arguments on several bases, and begins its opposition with their own version of the historical context. Respondent states that prior to 1820 ejectment actions were the primary vehicle to regain possession of a residential tenancy, which was impractical for residential tenancies; ejectment actions were "notoriously slow, technical, and ill-suited for the burgeoning urban centers of New York[,]" which "created a pressing need for a more efficient method of eviction." (NYSCEF Doc No. 50, respondents' attorney's mem of law at 3.) For this reason, petitioner argues, in 1820, the summary proceeding was enacted. (L 1820, ch CXXIV.)
Second, petitioner advances that in 1828, in reaction to the decisions like Bradley v Covel, 4 COW 349, 1825 WL 1682 (Sup Ct, New York County 1825), the legislature amended the 1820 statute which had required a three month notice to quit for tenancies at sufferance. Covel held that the service of a three-month notice to quit a tenancy at will terminated the prior [*3]tenancy and created an "implicit agreement" to hold over from year to year at the former rent, thus requiring a second six-month notice to quit. (Id., *351; RPL § 228.) Petitioner posits that the legislature's response was to pass an amended statute to require only one-month's notice for an ejectment action ("without further or other notice to quit"), evincing a legislative intent to restore the "efficiency of a summary proceeding" and "enabling faster evictions" premised upon a tenancy at sufferance. (NYSCEF Doc No. 50 at 8, mem of law.)
Third, petitioner argues that the Revised Statutes of 1828, "established the tripartite structure of remedies that remains in RPL § 228 today." (Id.) Thus, a landlord may choose from the list of disjunctive remedies, to wit, the statute allows that "the landlord [1] re-enter, [2] maintain an action to recover possession, or [3] proceed, in the manner prescribed by law, to remove the tenant, without further or other notice to quit." Petitioner argues that "in the manner prescribed by law" is intended to mean a "summary proceeding."
In the next several sections of petitioner's memorandum of law, petitioner's arguments continue in this vein, laying out what petitioner calls "an unbroken chain of legislative intent" that RPL § 228 are summary proceedings and creatures of Housing Court.
"From 1920 until the enactment of the RPAPL in 1963, summary proceedings were governed by Article 83 of the Civil Practice Act88. The text of CPA § 1410 could not have been clearer: 'In either of the following cases, a tenant or lessee at will, or at sufferance, or for part of a year, or for one or more years, of real property, may be removed therefrom, as prescribed in this article..." This was not an implication, a judicial interpretation, or an administrative practice. This was the black-letter statutory law of New York State. The Legislature explicitly enumerated 'tenant...at sufferance' among those who "may be removed" through summary proceedings "as prescribed in this article". The language is mandatory and unambiguous." (NYSCEF Doc No. 50 at 13.)Petitioner further argues that recent developments and amendments which did not eliminate the language "proceed, in the manner prescribed by law" signal a clear intention of the legislature not to bar a landlord from commencing a summary proceeding to recover possession of a premises from a tenant at sufferance. (Id. at 11.) Petitioner posits that "[i]t makes no sense for the Legislature to mandate a notice requirement for the more cumbersome ejectment remedy while simultaneously foreclosing the expedited summary proceeding remedy that the notice is designed to enable." (Id. at 21.)
Finally, petitioner advances that respondents' argument violates the Housing Stability and Protection Act of 2019 ("HSTPA") which includes the "unequivocal mandate that "[n]o tenant or lawful occupant of a dwelling or housing accommodation shall be removed from possession except in a special proceeding." (Id. at 21.) Petitioner advances that "[f]or residential properties, summary proceedings (special proceedings under RPAPL Article 7) are not merely an option[,] [t]hey are the exclusive legal mechanism for removing tenants and lawful occupants (bold in original, italics substituted)." (Id.) Tenants at sufferance are "unquestionably" not only tenants, but lawful occupants. (Id.) The legislatures choice of words, petitioner contends, evinces "an intent to capture a broad category of persons who have some basis for their initial possession."
Respondent dismisses petitioner's memorandum of law as "rambling and conclusory," and based only on recitation of "decades old law journal articles," and not upon the plain statutory text nor any case law. (NYSCEF Doc No. 51 (respondents' mem of law at 1-2.) Respondent advances that petitioner failed to address that "the distinguishing factor between a [*4]tenancy at sufferance and a summary holdover is that 'delay or laches on the part of the landlord is a necessary component [in] establishing a tenant at sufferance[,]'" citing to 1114 JOJ Ave Corp. v Ramlogan, 240 NYS 3d 898, 901 (Civ Ct, Queens County 2025), rearg denied, 87 Misc 3d 1202(A), 2025 NY Slip Op 51438(U) (Civ Ct, Queens County 2025). Because of this element of delay, respondent advances that there is no injustice in requiring a landlord to resort to an ejectment action as "the property owner has lull[ed] occupants into a false sense of stability in their home." (NYSCEF Doc No 51, respondents' reply mem of law at 3.) Respondent reiterates that "where a particular type of occupant is not designated within RPAPL Article 7, the [c]ourt lacks jurisdiction to hear the proceeding." (Id. at 5-6.)
Here, there is no dispute in this proceeding that respondents are tenants at sufferance. (NYSCEF Doc No. 20 at 3, decision and order striking seventh affirmative defense; NYSCEF Doc No. 21, notice of entry.) And it has been decided herein that the requisite notice pursuant to RPAPL § 228 to terminate a tenancy at sufferance was properly served. (Gomez v Gomez, 2025 NY Slip Op 50609[U], 85 Misc 3d 1263[A]; NYSCEF Doc No. 31, decision and order; NYSCEF Doc No. 35, notice of appeal.) The sole question before this court is whether the New York City Housing Court has subject matter jurisdiction over this summary proceeding to recover possession of a premises from a tenant at sufferance.
This court holds that the Housing Court does not have jurisdiction over summary proceedings commenced after expiration of a notice to quit which has been served pursuant to RPL § 228.
DISCUSSIONThe plain language of the New York City Civil Court Act ("CCA") § 110 (c) vests the Housing Part of the Civil Court of the City of New York with subject matter jurisdiction over "all summary proceedings to recover possession of residential premises to remove tenants therefrom." CCA 204 ("Summary proceedings") provides in relevant part: "The court shall have jurisdiction over summary proceedings to recover possession of real property located within the city of New York, to remove tenants therefrom, and to render judgment for rent due without regard to amount[.]"
RPAPL 711 (1) provides the grounds where a landlord-tenant relationship exists and presumes an agreement for possession between a petitioner and a respondent which is not implied but which arises from an arrangement of some kind, for example, a lease, an occupancy agreement, or an oral month-to-month tenancy. Alternatively, RPAPL 713 ("Grounds where no landlord-tenant relationship exists") provides the specific bases for removal of occupants in a summary proceeding who did not enter into possession pursuant to an agreement with the individual or entity seeking possession.
None of the above authorities confer jurisdiction upon the Housing Part to hear actions to recover possession of common law residential tenancies which have not been codified by statute. The absence of any mention of tenancies at sufferance RPAPL Article 7 is conspicuous given that the legislature has codified other common law causes of action and required specific notices which must be served pursuant Article 7's unique service statute. (RPAPL 735.) For example, RPL § 232-a as amended, allowing for a summary proceeding against a residential tenant upon [*5]notice pursuant to RPL 226-c,[FN3]
, [FN4]
but requiring notice of only 30 days prior to commencement for other than residential holdovers. Relatedly, RPAPL 735 prescribes the method for service of notices in summary proceedings while RPL § 228 requires a method of service distinct from that in summary proceedings. (Gomez v Gomez, 2025 NY Slip Op 50609[U], 85 Misc 3d 1263[A] [the court determined that service had been effected properly pursuant to RPL § 228, but was not asked to decide whether or not Housing Court has subject matter jurisdiction over summary proceedings.]
"In reality a tenancy by sufferance is not a tenancy at all. It is merely not an adverse possession. It is an estate created, not by consent, but by the laches of the owner; and, without laches on the part of the owner, there can be no estate by sufferance." (Robert F. Dolan, Rasch's Landlord and Tenant, Including Summary Proceedings § 30:37 [5th ed, May 2025 update].) "A tenancy at sufferance exists where a person once maintained a valid possessory interest in property who then wrongfully continues in possession after the termination of the interest. . . . In addition, to create a tenancy at sufferance there must be a delay by the owner seeking recovery of the premises." (Ramlogan, 240 NYS3d 898 at 901 [internal citations and quotation marks omitted].) "A tenancy at sufferance does not require any prior relationship between the parties at all. . . . [A] tenancy at sufferance arises at common law when an occupant continues in possession after a possessory interest terminates and the occupant has no privity to the party entitled to possession[.]" (Id.) Tenants at sufferance are entitled to a 30-day notice to quit. (RPL § 228.)
RPL § 228 provides:
"A tenancy at will or by sufferance, however created, may be terminated by a written notice of not less than thirty days given in behalf of the landlord, to the tenant, requiring him to remove from the premises; which notice must be served, either by delivering to the tenant or to a person of suitable age and discretion, residing upon the premises, or if neither the tenant nor such a person can be found, by affixing it upon a conspicuous part [*6]of the premises, where it may be conveniently read. At the expiration of thirty days after the service of such notice, the landlord may re-enter, maintain an action to recover possession, or proceed, in the manner prescribed by law, to remove the tenant, without further or other notice to quit."
Recent Relevant CasesRecently, the propriety of commencing a summary proceeding against tenants at sufferance has captured the interest of the bar and the bench, but not the legislature. Prior to two recent cases — 1114 JOJ Ave Corp. v Ramlogan, 240 NYS 3d 898, 901 (Civ Ct, Queens County 2025), rearg denied, 87 Misc 3d 1202(A), 2025 NY Slip Op 51438(U) (Civ Ct, Queens County 2025), and Macias v Macias, 2025 NY Slip Op 51627(U), 87 Misc 3d 1219(A])(Civ Ct, Queens County 2025) — the subject matter jurisdiction of the Housing Court to hear cases involving these common law tenancies years was largely presumed and not parsed.[FN5]
Cases involving tenancies at sufferance are a miniscule percentage of the tsunami of cases heard every year in Housing Court. Over the years, courts have only tacitly suggested, without serious contest, even at the appellate level, that Housing Court has jurisdiction over tenancies at sufferance. Only in the last year has the issued been squarely addressed.
In Ramlogan, 240 NYS3d 898 (Civ Ct, Queens County 2025), rearg denied, 87 Misc 3d 1202(A), 2025 NY Slip Op 51438(U) (Civ Ct, Queens County 2025), the court dismissed the respondents' argument that the petition was fatally defective as it improperly pleaded that the proceeding was a summary proceeding pursuant to RPAPL 711(1). The court agreed with respondents that tenancies at sufferance are not RPAPL 711 (1) summary proceedings, but ignored the "excess verbiage" and found that "[t]he fact the relief sought is actually pursuant to RPL §228 does not render the entire petition improper." (Id. at 903.) The court also rejected the respondents' argument that they were not "tenants at sufferance because 'a tenancy by sufferance cannot be created where there was never a landlord-tenant relationship to begin with[.]'" (240 NYS3d at 902.) The Ramlogan court also
In its original decision, the court in Ramlogan was not concerned with the subject matter jurisdiction of the New York City Housing Court to hear proceedings to terminate tenancies at sufferance. (Ramlogan, 240 NYS 3d 898.) However, upon reargument, the court was pressed to answer the question. (Ramlogan, 87 Misc 3d 1202(A), 2025 NY Slip Op 51438(U), *2 ["the question that must be addressed, that has not been discussed in any case, is whether RPL §228 can provide the necessary 'procedural vehicle' to maintain a summary eviction proceeding notwithstanding the fact a tenant at sufferance is not included within RPAPL Article 7 [emphasis added].") The Ramlogan court adhered to its prior decision that notice pursuant to RPL § 228 is a sufficient predicate to a summary proceeding, and continued further to posit that "the logical and natural impact of RPL § 228 is to permit a summary proceeding to remove a commercial tenant at sufferance[.]" (2025 NY Slip Op 51438[U], *3.)
Based upon prior practice, and not precedent, the Ramlogan court concluded that "the [*7]numerous cases cited that have so held surely endorse this view."[FN6]
 (2025 NY Slip Op 51438[U], *3.) The court acknowledged that, unlike other statutes which specifically provide for a summary proceeding, referring to RPL 232-a ("Notice to terminate monthly tenancy or tenancy from month to month in the city of New York"), there is no such language in RPL § 228. Even so, the court determined that "RPL § 228 surely allows a summary proceeding." (Id. at *3; cf. Mastas v Extra Closet, Inc., 146 Misc 2d 698, 700 [Civ Ct, Kings County 1990] [dismissing petition finding that respondents were tenants at sufferance and not subtenants and, thus, "no RPAPL summary proceeding would be available to petitioner."])
The Ramlogan court reasoned that because the legislature provided "an action to recover possession (emphasis added)," may be commenced after service of RPL § 228 notice, there is "sufficient authority to allow a summary proceeding notwithstanding its absence from RPAPL Article 7 (emphasis added)." (Ramlogan, 2025 NY Slip Op 51438(U), *3.) The Ramlogan court did not harmonize its prior holding in the decision under review that a proceeding to evict a tenant at sufferance is not an RPAPL 711(1) proceeding. Nor did the court explain why it found that a summary proceeding is the proper vehicle to regain possession from a tenant a sufferance when "the relief in [such a] case flows through RPL § 228, the specific statute enacted to deal with tenancies at sufferance and not RPAPL § 711(1) (emphasis added)." (Ramlogan, 240 NYS3d at 903.)
Also recently, in Macias v Macias, supra, in the context of a residential holdover proceeding, the court undertook an analysis of the issue with which this court is now charged. The Macias court found that the Housing Court has subject matter jurisdiction over proceedings to terminate tenancies at sufferance. As in Ramlogan, the court rested its reasoning on the shoulders of numerous cases, some appellate, which have allowed a landlord to maintain a summary proceeding against a tenant at will or a tenant at sufferance. Contrary to the Ramlogan court, which opined that a proceeding against a tenancy at sufferance is not an RPAPL 711 (1) proceeding, the Macias court held, "Therefore, as this summary holdover proceeding was commenced pursuant to RPAPL 711 (1), the court has subject matter jurisdiction over this proceeding (emphasis added)." (Macias, 2025 NY Slip Op 51627[U], *3.)[FN7]

Relatedly, in Olympic Galleria, Co. v Sitt, 241 AD3d 1092 (1st Dept 2025), in the [*8]context of an ejectment action to oust a month-to-month tenant, the court declined — as does the court herein — to read into the law that which is not there, observing that the legislature has neither seen fit to bar ejectment actions against month-to-month tenants, nor to specifically prescribe a shorter notice for common law ejectment actions against such tenants. Thus, according to Sitt, a six-month notice is required if the landlord, for whatever reasons, chooses to proceed in Supreme Court pursuant to Article 6 of the RPAPL ('Action to Recover Real Property'.") (Sitt, 241 NY3d at 1093; cf RPL § 228.) The distinction between Sitt and the case at bar is that, in the case of month-to-month tenancies, the legislature has provided an alternative remedy in the form of a summary proceeding pursuant to RPL § 232-a which requires specifically legislated predicate notices when commenced in Housing Court. Unlike here, ejectment is not the exclusive remedy against month-to-month tenants because the legislature has written that it is not.
As observed in Sitt, "Despite the advent of the various statutory remedies available to a landlord beset with a recalcitrant tenant, "[t]he common-law principles governing the ejectment action are unchanged, unless explicitly modified by statute (emphasis added)." (Sitt, 241 AD3d at 1093; see also Alleyne v Townsley, 110 AD2d 674, 675 [2d Dept 1985].) The Court of Appeals has observed that "a statute must be read and given effect as it is written by the Legislature, not as the court may think it should or would have been written if the Legislature had envisaged all the problems and complications, which might arise in the course of its administration (internal citation and quotation marks omitted)." (Allen v Minskoff, 38 NY2d 506, 511 [1976].)
Here, the legislature has not created a summary proceeding to evict tenants at sufferance in Housing Court; rather, the legislature has provided only one modification to the common law cause of action against a tenant at sufferance, to wit, a specific notice in an ejectment proceeding where one did not exist before. (RPL § 228; Livingston v Tanner, 14 NY 64, 66 [1856] ["at common law a tenant at sufferance was not entitled to notice to quit[.]" Like Article 7 of the RPAPL, which was legislated in derogation of common law, this modification must be strictly construed as the minimum notice that is to be given a tenant at sufferance in an ejectment action. Notably, the legislature has provided for an alternative summary proceeding against one kind of tenancy at sufferance, "the tenant of a life tenant,"[FN8]
but like § RPL 232-c, does not bar an ejectment action.
Common Law Causes of Action and Statutes Enacted in Derogation of Common LawNeither the Ramlogan or Macias courts considered the critical interplay between the common law, and statutes enacted in derogation thereof. (See McKinney's Cons Laws of NY, Book 1, Statutes § 301 ["The common law is never abrogated by implication, but on the contrary it must be held no further changed than the clear import of the language used in a statute absolutely requires."]) Thus, an implication drawn from trial court decisions — or appellate cases for that matter — in which the subject matter jurisdiction of the Housing Court was not [*9]controverted nor specifically decided — cannot act to supplant the common law, or create a rule contrary to same.
As stated in People v Phyfe, 136 NY 554, 558-559 (1893) the Court of Appeals opined:
"[I]t is a familiar canon of construction that an intention to change the rule of the common law will not be presumed from doubtful provisions, and the presumption is that no such change was intended, unless the enactment is clear and explicit in that direction; and, if the terms of the statute will admit of two interpretations, that which will most nearly conform to the rules of the common law is in all cases to be adopted."The instant proceeding, as well as Ramlogan and Macias, illustrate that there is a disagreement regarding whether the legislature intended to create a cause of action in a summary proceeding against a tenant at sufferance. This disagreement must be settled by deference to the common law. As observed in Larned v Hudson, 60 NY 102, 105 (1875), "The statute does not define what shall constitute a tenancy at will, but leaves that question to be determined by the rules of the common law." The rules of common law find no purchase in a statute which has been legislated in derogation of same and which must be strictly construed.
The amendment of RPL § 228 was enacted in reaction to a judicial interpretations of a former iteration of RPL § 228 with which the legislature disagreed, e.g. Bradley v Covel, discussed supra, in order to clarify the legislature's intention that the notice to quit prescribed in RPL § 228 is the only notice required prior to ouster of a tenant at sufferance (or at will) and that an additional notice after the expiration of that notice is not required: "A tenancy at will or by sufferance, however created, may be terminated by a written notice of not less than thirty days . . . without further or other notice to quit." While petitioner would have the court imbue the legislative history of Article 7 with an intention to include all tenancies at sufferance within the realm of a summary proceeding where they specifically was not included in Article 7 when legislated — and amended and amended again — no act of the legislature has provided an explicit, alternative means of recovery through a summary proceeding for proceedings such as the instant proceeding. "A court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit" because "the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended (internal quotation marks and citations omitted)[.]" (See e.g. Commonwealth of N. Mariana Islands v Canadian Imperial Bank of Com., 21 NY3d 55, 62 [2013]; see also Fitzgerald v Washington, 80 Misc 2d 861, 870 (Civ Ct, New York County 1975) [noting the rules of statutory construction militate that when amending the statute to include attorneys as individuals who could verify a petition "the legislature is presumed to have been aware of the interaction of RPAPL § 721 with the various provisions of the CPLR[,]" citing Erikson v Helfand, 1 AD2d 59 [3d Dept], aff'd,1 NY2d 775 1955].)
Neither are the numerous cases — cited by the Ramlogan and Macias courts to support a judicially created cause of action under Article 7 of the RPAPL — the kind of judicial precedent contemplated by the doctrine of stare decisis. This doctrine, which in Latin means "to stand by things decided" and which is fundamental to New York's common law system, requires New York courts to follow the rulings of higher courts in similar cases which have parsed the same legal issues. The previous deciding-court must have binding authority over the lower courts, otherwise the decision is merely persuasive authority which does not enjoy the gravitas of stare decisis.
Here, only two reported decision from courts of concurrent jurisdiction prior to this decision have been charged by motion to analyze whether or not the Housing Court has the subject matter jurisdiction to adjudicate the termination of tenancies at sufferance; and only one court has done so in the context of a residential eviction proceeding. It has been observed that "(t)he long time failure of Congress to alter (a statute) after it had been judicially construed . . . is persuasive of legislative recognition that the judicial construction is the correct one." (Apex Hosiery Co. v Leader, 310 US 469, 488 [1940].) In the context of tenancies at sufferance, despite numerous opportunities to do so, the legislature has not acted to clarify either RPL § 228 or RPAPL Article 7. That the legislature has neglected to do so is no beacon of legislative intent where the only caselaw regarding the subject matter jurisdiction of the Housing Court to adjudicate these cases is less than a year old, and is contradictory. Accordingly, it would be premature to take any inference from legislative inaction at this point in time.
RPAPL Article 7 Was Enacted In Derogation of the Common LawWhen a statute is enacted in derogation of the common-law rights of tenants, each provision . . . must be strictly construed so as to avoid termination[.] (Zenila Realty Corp. v Masterandrea, 123 Misc 2d 1, 6 [Civ Ct, New York County 1984]; see also Wang v James, 40 NY3d 497, 503 [2023], citing Morris v Snappy Car Rental, Inc., 84 NY2d 21, 28 [1994] and McKinney's Cons Laws of NY, Book 1, Statutes § 301). "[A]s a statutory construct, summary proceedings must strictly comply with the provisions of RPAPL article 7." (200 Claremont Ave. Hous. Dev. Fund Corp. v Est. of Lewis, No. 2024-07825, 2025 WL 3672337 (App Div, 1ts Dept 2025.) Statutes such as RPAPL Article 7, which are enacted in derogation of common-law rights, "may not be extended by implication[.]" (Gemelli v Murdock, 273 AD 1019, 1019 [2d Dept 1948], aff'd, 298 NY 664 [ 1948].) In the case of tenancies at sufferance, there is nothing in the plain language of Article 7 to strictly construe. The same rule of strict construction must be applied to RPL § 228, a statute enacted in derogation of common law. "A tenant strictly at will was not, prior to the Revised Statutes, entitled to notice to quit[.]"
Many Housing Court judges, including appellate courts considering Housing Court decisions, have construed whether a tenancy at sufferance or at will exists by applying common law principles. (See e.g. 4720 Avenue, Inc. v Harley House, 81 Misc 3d 139[A], 2023 NY Slip Op 51459[U], *1 [App Term, 2nd Dept 9th & 10th Jud Dists 2023] [stating that tenancy at sufferance arises at common law when an occupant continues in possession after a possessory interest terminates and the occupant has no privity to the party entitled to possession."]) But the common law finds no application in a statute specifically enacted in derogation of common law definitions and procedures, i.e. RPAPL Article 7, which must be strictly construed.
The Appellate Term, Second Department, endorses the strict construction of summary proceedings commenced pursuant to RPAPL Article 7. For example, in Sequoia Partners, LLC v Najabat Ali, 67 Misc 3d 133(A), 2020 NY Slip Op 50493(U) (App Term, 2d Dept, 9th & 10th Jud Dists 2020), the court dismissed a summary proceeding, holding that "[w]hile RPAPL 713 (5) is apparently the claimed basis for this proceeding, petitioner, a purchaser from a purchaser in foreclosure, lacks standing to maintain such a proceeding, and "this proceeding is not maintainable pursuant to any other provision of RPAPL 713." In Castle Peak 2012-1 REO, LLC v New York Found. for Senior Citizens, 63 Misc 3d 157(A) 2019 NY Slip Op. 50834(U), *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019] the Appellate Term, Second Department [*10]opined,
"There is no provision in the RPAPL which allows for the maintenance of a summary proceeding by a purchaser in lieu of foreclosure. RPAPL 713 (5) allows for a proceeding by the holder of a deed only where that deed was delivered pursuant to a foreclosure sale, which did not occur here. The parties cannot by consent create a summary proceeding where the legislature has not provided for one. 'As the right to maintain summary proceedings did not exist at common law and is solely a creation of statute, it applies only in those cases authorized by the statute' (Dulberg v Ebenhart, 68 AD2d 323, 328 [1979].)"While inertia creates a temptation to adopt petitioner's reasoning that, "[i]t makes no sense for the Legislature to mandate a notice requirement for the more cumbersome ejectment remedy while simultaneously foreclosing the expedited summary proceeding remedy that the notice is designed to enable," NYSCEF Doc No. 50 at 21, a "court[] must construe clear and unambiguous statutes as enacted and may not resort to interpretative contrivances to broaden the scope and application of statutes." (Sitt, 241 AD3d at 1093.) While it is convenient to surmise that the legislature intended to include tenancies at sufferance and tenancies at will within the ambit of summary proceedings under Article 7 of the RPAPL, for over a century and the passage and amendment of numerous new laws, the legislature has not articulated this intention; nor has the legislature amended Article 7 or the Real Property Law to create an alternative summary proceeding option for termination of common law tenancies at will or at sufferance. (Compare RPL § 232-a; see n 2, supra; compare also RPAPL 713 [6] which specifically allows for a summary proceeding against a tenant of a life tenant.))
CONCLUSIONTenancies at sufferance, "however created," are found in a variety of situations which are more complicated than traditional landlord-tenant relationships and occupancy agreements, RPAPL 711 (1); or those specifically legislated causes of action where there is "no landlord-tenant relationship." (RPAPL 713.) Issues involving tenancies at sufferance arise, as here, between family members, in situations involving foreclosure, deed fraud, and thorny title disputes. Such cases often require broader jurisdiction than that afforded the Housing Court, as well as a less summary and much more fact specific analysis.
The court is cognizant that many of the landlords faced with a tenant at sufferance are small property owners who may be disproportionately affected by the ostensibly daunting task of filing a plenary action. However, "[i]f that is an undesirable result, the problem is one to be addressed by the Legislature[,]" Chazon, LLC v Maugenest, 19 NY3d 410, 416 (2012), and whether by accident or design, the legislature "has not [yet] spoken in the unmuted strains necessary to displace the common law." (Hechter v New York Life Ins. Co., 46 NY2d 34, 39 [1978].)
Accordingly, it is hereby
ORDERED that the proceeding is dismissed as there is no provision under RPAPL Article 7 which provides for subject matter jurisdiction of the Housing Court over proceedings to oust a tenant at sufferance. This dismissal is without prejudice to a plenary proceeding.
This constitutes the Decision and Order of the Court.
Dated: January 9, 2026Brooklyn, NYHON. KAREN MAY BACDAYAN

Footnotes

Footnote 1:Respondents advance that, as a general proposition, tenants at sufferance will be deprived of their fundamental right to trial by jury, not requested herein, should the court find it may "hear an action in ejectment of a tenant at sufferance as a summary proceeding[.]" (Id. at 2.)

Footnote 2:It is true that nowhere in Article 6 of the RPAPL is the term "ejectment" employed.

Footnote 3:RPL § 232-a provides in full: "No monthly tenant, or tenant from month to month, shall hereafter be removed from any lands or buildings in the city of New York on the grounds of holding over the tenant's term unless pursuant to the notice period required by subdivision two of § 226-c (Notice of rent increase or non-renewal of residential tenancy), or for a tenancy other than a residential tenancy at least thirty days before the expiration of the term, the landlord or the landlord's agent serve upon the tenant, in the same manner in which a notice of petition in summary proceedings is now allowed to be served by law, a notice in writing to the effect that the landlord elects to terminate the tenancy and that unless the tenant removes from such premises on the day designated in the notice, the landlord will commence summary proceedings under the statute to remove such tenant therefrom (emphasis added)."

Footnote 4:RPL 232-a now incorporates RPL 226-c which varies the notice period provided to a month-to-month tenant in a summary proceeding depending on the length of occupancy (from 30 days' notice for cumulative occupancy of one year or less, with a cap of 90 days for tenants who have occupied the premises for two or more years). The legislature did not incorporate RPL § 226-c into RPL § 228, further differentiates actions against tenants at sufferance from the requirements of a summary proceeding.

Footnote 5:This judge has adjudicated proceedings involving tenancies at sufferance and at will, however, the court has never been asked, as here, to specifically decide the subject matter jurisdiction of the Housing Court over tenancies at sufferance or at will.f

Footnote 6:It is noted that the cases cited are among the cases tacitly accepting the jurisdiction of the Housing Court where the issue of subject matter jurisdiction was not raised.

Footnote 7:Pusatere v City of Albany, 214 AD3d 91 (3d Dept 2023), cited in Macias as authority for NYC Housing Court's jurisdiction to hear summary eviction proceedings against tenants at sufferance and decided prior to the enactment of the Good Cause Eviction Law, is inapt. That decision simply found that the code of the city of Albany was pre-empted by state law which did not require a landlord to demonstrate additional good cause to evict a tenant at sufferance or tenant at will. The proceeding was dismissed based on RPAPL 741 (6), L 2022, ch 615, § 1, which is specific to the city of Albany and provides: "In the city of Albany, where the premises from which removal is sought is subject to a local law requiring the registration of said premises as a condition of legal rental, allege proof of compliance with such local law." Accordingly, the Pusatere court held, "that section is not preempted" but did not parse subject matter jurisdiction. Id. at 96.

Footnote 8:RPAPL 713 (6) states in full "He is the tenant of a life tenant of the property, holding over and continuing in possession of the property after the termination of the estate of such life tenant without the permission of the person entitled to possession of the property upon termination of the life estate."